[Sac. No. 1053. Department Two.—September 20, 1904.]

BANK OF WILLOWS, Respondent, v. WILLIAM HENRY SMALL and NANCY SMALL, Defendants; WILLIAM HENRY SMALL, Appellant.

FRAUDULENT TRANSFER—ACTION BY CREDITOR—SUPPORT OF FINDINGS.— In an action by a creditor to set aside a fraudulent transfer from the debtor to her son by a deed of gift without consideration, leaving the debtor insolvent, where the son claimed title prior to the deed of gift by reason of a parol executed gift, and title thereunder by prescription, and the court found against him and in favor of the creditor, every presumption is in favor of the findings; and it is only where there is an absence of substantial evidence to support them that this court will interfere.

ID.—PAROL GIFT OF LAND—EVIDENCE REQUIRED.—The legal title to land cannot rest in parol, and it is only where the donee by parol has gone into possession, made valuable improvements, and changed his condition, and the facts are such that it would be a fraud upon him as an innocent party not to enforce the contract, that equity will grant relief. The evidence to support the enforcement of such a contract must be clear and convincing, and leave no reasonable doubt as to the fact of the gift, and as to other facts making it inequitable to avoid it. The fact that the donee was allowed to take the rents and profits shows no equitable ground for relief.

ID.—FINDINGS SUPPORTED.—The evidence reviewed and held sufficient to sustain findings that there was no parol gift of the land prior to the deed, that the possession was not delivered in pursuance of any such gift, and that it was not adverse or hostile to the donor, but was permissive from her.

ID.—RIGHTS OF SON UNDER DEED OF GIFT—SUBJECTION TO BURDEN.— The son may take the land conveyed to him by the deed of gift, but he must take it subject to the burden of the debt incurred by the owner while she kept it in her name.

Id.—Evidence—Insolvency of Maker of Note.—It was proper to admit evidence to show the insolvency of a joint maker of the note and of his estate. It was necessary for plaintiff to show that the claim could not be collected from his estate, or from other property of the donor of the deed of gift before it could complain as to the deed.

APPEAL from an order of the Superior Court of Glenn County denying a new trial. E. E. Gaddis, Judge presiding.

The facts are stated in the opinion.

Charles L. Donohoe, and Frank Freeman, for Appellant.

F. C. Lusk, for Respondent.

COOPER, C.—Appellant presents this appeal from an order denying his motion for a new trial. The facts, concerning which there is no controversy, are substantially as follows: Henry Small died in Colusa County about the year 1874, leaving a widow, defendant Nancy Small, to whom he devised all his property, consisting of several ranches, among which was a ranch containing eighteen hundred acres, known as the "Musick Place," and being the property in controversy here. The land stood on the records in the name of defendant Nancy Small at all times after the decree of distribution in the estate of Henry Small until June, 1896. In March, 1896, one Julian, a son-in-law of defendant Nancy Small, and a brother-in-law of appellant, William Henry Small, borrowed from plaintiff five thousand dollars, giving his promissory note therefor signed by defendant Nancy Small, the note being a joint and several note. In May, 1896, Julian died, being insolvent, and his estate has ever since been insolvent. After the death of Julian, in June, 1896, defendant Nancy Small, without consideration, made and recorded a deed of gift to her son and co-defendant, William Henry Small, who knew nothing about it, and was then in the state of Oregon, where he had resided since the death of his father. This land was the only property possessed by defendant Nancy Small, and by her conveyance to her son she became and has since been insolvent.

After the death of Julian plaintiff commenced an action in the superior court of Colusa County against defendant

Nancy Small upon the said promissory note, and recovered a judgment for the amount thereof with interest, the total being $5,417.58. Upon this judgment a writ of execution was issued, and, after the application of $1,207.99, being the proceeds of sales of certain personal property, was returned unsatisfied for the balance, $4,332, which is still due and unpaid. This action was commenced in October, 1896, for the purpose of setting aside as fraudulent and void as to the plaintiff the deed made by defendant Nancy Small to her son and co-defendant, and resulted in judgment upon the findings in favor of plaintiff. It is not disputed that at the time of the conveyance by defendant Nancy Small to her co-defendant she was insolvent, and that she has remained so; that plaintiff was a creditor of Nancy Small at the time of the said conveyance, and is still such creditor; that the deed so executed by her was without consideration, and was a deed of gift. Defendant Nacy Small made default, and is therefore out of the case. There being no appeal from the judgment, it will be regarded as the correct conclusion from the facts found.

The appellant contends that he had title to the land by reason of a parol executed gift of the same, and by reason of adverse possession for more than five years immediately prior to the commencement of the suit. The court found against him on both propositions, and the sufficiency of the evidence to justify the findings in this regard is the important question here. Every presumption is in favor of the ultimate findings of the trial judge. It is only in cases where there is an absence of substantial evidence that this court will interfere. It is said in appellant's brief: "There can be no question under the evidence in this action, that if the defendant relied entirely and solely for his title upon the deed made to him by Nancy Small, in June, 1896, that his case must fail, and plaintiff would be entitled to judgment, because if that were his only claim to the land there is no doubt but under the provisions of section 3442 of the Civil Code that the deed would be void. But the defendant, William Henry Small, does not claim a title to this land by virtue of that deed." Appellant then proceeds to argue that he obtained title by a parol gift from his mother in the year 1878. Experience has proven that parol evidence is too uncertain, and perjury

is too often committed, to allow a title to real estate to rest in parol. It has therefore been the rule in England and in this country, and in all civilized countries, for many years, that a conveyance of real estate is void unless in writing. Courts of equity in order to prevent great wrongs have recognized and established certain well-defined exceptions to the rule. Where the conduct and acts of the owner have been such as in equity and good conscience to estop him from claiming the land, as where he has received the consideration, and allowed the party purchasing to go into possession and erect valuable improvements, or where he has made a parol gift and the donee has gone into possession, made valuable improvements and changed his condition, and in other cases where the equities are similar, courts will grant relief. But in all such cases the facts must be such that it would be a fraud upon the innocent party in possession not to enforce the parol contract. These exceptions have grown up under the doctrines of courts of equity, and while in many cases preventing great injustice, have been a source of much litigation, and have perplexed the courts in drawing distinctions as to whether or not any given case is an exception. The tendency of courts of late years has been to strictly construe the rule as to exceptions and not to extend the doctrine. When a party claims the assistance of a court of equity to enforce an exception to the rule, the case must fall within the doctrine of courts of equity as to such exceptions, and the evidence must be clear and convincing. Particularly is this so as to family arrangements where a parol gift of land is claimed by one child to the exclusion of others or by a wife to the exclusion of the children. It is often sought, in such cases, to construe acts of kindness attributable to love and affection into gifts such as to pass valuable estates. A man who has been kind to a son or brother dies, and when he can no longer speak the party who has been the object of his bounty, and who should show his gratitude, sets up a claim of title which he never asserted while the owner was living. The rule as stated in Waterman on Specific Performance of Contracts (sec. 187) is as follows: "A gift of real estate will be enforced with great caution, and not in general, unless the donee has taken possession and made improvements on the faith of the gift. When he does this, it constitutes a valuable consideration

to ground a claim for specific performance. Where com-
plainants alleged a gift of real estate from defendant's tes-
tator, in consideration of natural love and affection, and that
the donee, pursuant to said gift, went into possession of
the premises, made large improvements thereon, and finally
died in possession thereof, it was held that to entitle the
complainants to a decree there must be a conclusive proof of
the gift, and satisfactory evidence explaining why the gift
was not consummated by a conveyance.'' It was said by this
court in *Blum* v. *Robertson,* 24 Cal. 142: ''It is a rule well
settled that a party who claims a right to a conveyance of land
under a parol or verbal contract on the ground of part per-
formance must make out by clear and satisfactory proof the
existence of the contract as alleged by him, and it is not
enough that the acts of part performance proved are evidence
of some agreement, but they must be unequivocal and satis-
factory evidence of the particular agreement charge    ᵗhe
complaint or answer, as the case may be; besides which, the
agreement must appear to be certain in its terms and just
and fair in all its parts.''

A valuable and leading case upon the subject of a parol
gift between relatives is *Poorman* v. *Kilgore,* 26 Pa. St. 372.[1]
It is there said: ''The very nature of the relation, therefore,
requires the contracts between parents and children to be
proved by a kind of evidence that is very different from that
which may be sufficient between strangers. It must be direct,
positive, express, and unambiguous. The terms must be clear-
ly defined, and all the acts necessary for its validity must have
especial reference to it, and nothing else: *Hock* v. *Stewart,*
8 Pa. St. 213; *Bash* v. *Bash,* 9 Pa. St. 262; *Lantz* v. *Frey,* 14
Pa. St. 201; *Sanders* v. *Wagonseller,* 19 Pa. St. 251; *Lantz* v.
*Frey,* 19 Pa. St. 366; *McCue* v. *Johnston,* 25 Pa. St. 308;
*Hugus* v. *Walker,* 12 Pa. St. 175. The importance of this rule
is very apparent; for it requires but a glance over the cases
of this class to discover how sad has been the experience of
the court in family disputes growing out of the exceptions
which have been allowed to this statute; and how many and
how distressing must have been the ruptures of the closest
ties of kindred that have been produced and perpetuated

[1] 67 Am. Dec. 425.

by the encouragement thus given to try the experiment
of extracting legal obligations out of acts of parental
kindness.''

It was said in *Poullain* v. *Poullain,* 76 Ga. 420: ''Where
a son claims land under a parol gift from his father, the evi-
dence should be so clear, strong, and unambiguous as to leave
no reasonable doubt.''

In *Hardisty* v. *Richardson,* 44 Md. 617,[1] the rule is thus
stated: ''The proof must be clear, definite, and conclusive as
to the fact of the gift, and those facts done on the faith of
it which render inequitable any attempt on the part of the
donor to avoid the gift.''

In *Jones* v. *Tyler,* 6 Mich. 364, the rule is thus stated:
''There is no evidence in this case clearly establishing the
fact that Job Tyler ever gave, or agreed to convey, the prop-
erty in question to his son De Witt. That he sold it, there
is no pretense. As against the widow and heirs of Job Tyler,
a decree for a conveyance would be made only on the most
conclusive proof of the gift and of some satisfactory reason
why it was not consummated by a conveyance even if upon
the case made by the bill relief would, in any case, be granted.
. . . The evidence of Bonham is the most direct and satis-
factory of any, but even this shows no contract of agreement—
nothing but an unexecuted intention.''

It is not necessary to cite further authorities. Now, the
court found: ''The said defendant Nancy Small was the
owner in fee and entitled to the possession of all of said real
estate in the month of October, 1878, and had been and was
such owner in fee and entitled to the possession at all times
from that time unto the date of said deed of gift, to wit, June
10, 1896; that on —— day of October, 1878, or at any other
time, the said defendant Nancy Small *did not make a gift* of
all or any of the land described in the complaint to the
defendant William Henry Small; and upon the —— day of
October, 1878, or at any other time, the defendant Nancy
Small did not deliver to the defendant William Henry Small
the possession of all or any of the lands above described *in
pursuance of any gift.*'' This finding is supported by the
evidence. Nancy Small was defendants' witness. When we
remember that she is a hostile witness to plaintiff and friendly

---

[1] 22 Am. Rep. 57.

to her co-defendant, her evidence is doubly significant. She testified that after the death of her husband in 1875 she gave and deeded to her daughter, Mrs. Welch, the "Welch Place"; to her daughter, Mrs. Julian, the "Julian Place"; to her son, George, the "Fruto Ranch"; that defendant William Henry Small lived in Oregon on some land given him by his father in his lifetime; that she intended him to have the "Musick Place," the land in contest; that it was the understanding that appellant should have the land in contest; that about four years after her husband's death appellant came down from Oregon on a visit; that he said to her: "Mother, you just as well give me a deed to this place" (referring to the land in contest); that she replied, "William, that is my last piece of land and I have always had a home, and I could not be satisfied, could not rest satisfied if I gave up the land. 'Well,' he says, 'mother, hold it. . . . I will wait a while for a deed.'" The defendant William Henry Small continued to live in Oregon, and did not live on the place, although his mother had allowed him to use it and take the rents and profits. He does not appear to have asked her again for a deed. After the death of her son-in-law, and without request from appellant, and without his knowledge, while the note was still unpaid, she voluntarily executed the deed to him. The appellant testified that all of his father's real estate was left to his mother to be disposed of as she saw fit; that the first time he saw his mother after his father's death was in October, 1878; that his mother told him she had willed him this land, that she had given it to him, and showed him the will; that he, through his agents, rented the place thereafter to tenants and received the rents and paid the expenses of keeping up the place and taxes. The appellant does not deny the conversation with his mother in which he said: "Mother, hold it, I will wait a while for a deed." The land was always assessed to defendant Nancy Small. While the evidence tends to show that defendant Nancy Small intended that appellant at some time should have the land, it does not show that she finally made up her mind to part with it until she made the deed after the death of her son-in-law Julian. Appellant was allowed to take the rents and profits, but this did not injure him and shows no equitable ground for relief. It is not a case where the donee went into possession and expended

money in valuable improvements on the faith of an oral gift. If the property had been levied upon by a creditor of appellant prior to the deed of June 10, 1896, could such creditor have held the land as against Nancy Small? It seems plain that it could have been shown to be the property of Nancy Small. The promise had not been fulfilled. There is no testimony to show a clear intention of Nancy Small at any time prior to the deed to part with the title and vest it in appellant. If so she would have made a deed. She made deeds to her other children. When she parted with the title to them she did it in the usual manner. She kept the title in her own name of the land she wanted for a home. She had it in her own name when she signed the note as security for Julian. When Julian died insolvent, she made the deed to appellant without his knowledge. It is at least singular that her intention to part with the home took place so suddenly and under such circumstances. Under such circumstances the law will compel her to be just before she is generous. Appellant may take the land deeded to him as a gift, but he must take it subject to the burden of the debt incurred by the owner while she kept it in her name.

As to adverse possession, the court found that appellant's possession was "not adverse or hostile to the said Nancy Small, and his possession was permissive from her, and he held under and in pursuance and in recognition of her title, and not adversely to her during all of that time."

The evidence heretofore discussed shows this finding to be true.

Appellant claims that the court made several errors in the admission or rejection of testimony. Several of the first errors assigned relate to the allowance of proof by oral testimony, and the records and papers in the estate of Julian, for the purpose of showing that the state is insolvent and the claim of plaintiff unpaid. The evidence was proper. It was necessary for plaintiff to show that it could not collect its claim from the estate of Julian, nor from other property of Nancy Small, before it could complain as to the deed. The deed would not have injured plaintiff if it could still collect the amount of its claim from other sources.

The other alleged errors are equally without merit. They

are not of such character even if technically erroneous as to justify a reversal of the case.

The order should be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.