[L. A. No. 1325. Department One.—August 5, 1905.]

JOHN ROBERTS and EMMA ROBERTS, Respondents, v. M. HALL and ETTA HALL, Appellants.

ACTION FOR DAMAGES AND INJUNCTION—REMOVAL OF WATER-PIPE—APPEAL—SUPPORT OF JUDGMENT FOR INJUNCTION.—In an action for damages and for an injunction to restrain the removal of a water-pipe laid in a street to the land of plaintiffs, where the complaint is

sufficient and the findings of fact support the judgment for an injunction, it is immaterial whether it is supported in all respects by the conclusions of law. The judgment is the real conclusion of law, and supersedes any conclusion of law embraced in the decision.

ID.—ACTION BY CO-PLAINTIFFS—OWNERSHIP OF PIPE—APPURTENANCE—JUDGMENT FOR OWNER OF LAND—SUPPORT OF FINDING.—Where the court found that one of two co-plaintiffs was the owner both of the land and of the water-pipe as an appurtenance thereto, judgment was properly rendered in his favor only; and where the finding of his ownership of the land is not assailed, and the evidence shows that the pipe was used in connection therewith as an appurtenance, the finding of his ownership of the pipe is supported, and evidence that one of his grantors constructed the pipe is not sufficient to overcome such finding.

ID.—MOTION FOR NEW TRIAL UPON MINUTES OF COURT—NOTICE NOT PART OF RECORD — SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE. — A notice of motion for new trial printed in the transcript on appeal which is no part of any statement or bill of exceptions cannot be considered; and where the motion was made upon the minutes of the court, the only specifications of insufficiency of the evidence that can be considered are those embodied in the settled statement or bill of exceptions, which are presumably the only ones urged on the hearing of the motion.

ID.—SUPPORT OF FINDING AS TO WRONGFUL ACTS—AGENCY OF CO-DEFENDANT.—Where the defendants are husband and wife, a finding that the wife participated in the wrongful acts complained of is supported by evidence that the wife claimed to own the street in which the pipe was laid, and that the husband had authority to protect her alleged interest therein, and that the wrongful acts alleged were done by him as her agent.

ID.—AFFIRMATIVE DEFENSE—OMISSION TO FIND—ABSENCE OF EVIDENCE.—The omission to find upon a defense set up in the answer does not render the decision against law, where the record, purporting to contain all the evidence, shows that no evidence was introduced thereupon.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

W. R. Andrews, and H. A. Jerauld, for Appellants.

William Humphrey, for Respondents.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment given in favor of plaintiff John Roberts, and from an order denying their motion for a new trial. The action was one for damages and an injunction.

It was alleged in the complaint that the plaintiffs were the owners of a block of land (block 551 of the pueblo lands) in the city of San Diego, abutting on a street known as Witherby Street, which street was the only convenient mode of access and egress to and from said property; that this property was supplied with water for domestic use and irrigation by means of about four hundred feet of iron pipe laid about sixteen inches beneath the surface of said street, and connected with the San Diego city water supply, which pipe and a meter attached thereto were the property of plaintiffs; that defendants willfully and maliciously plowed up said street in front of plaintiff's property, and dug up and carried away all of said pipe and the meter, all to the great damage of plaintiffs, and threaten to disconnect, take up, and carry away all pipe and meters that may be placed therein by plaintiff, and also to dig up and plow said street as they see fit, which will greatly impede plaintiffs' right of ingress and egress.

The trial court found that plaintiff John Roberts was the owner of the block of land mentioned, and that the connecting water-pipe was appurtenant to said land. It also found generally in favor of said plaintiff upon the other allegations of the complaint, except as to the amount of damage, which it fixed at $44.50, and gave judgment in favor of said John Roberts against both defendants for $44.50, and enjoining said defendants from plowing and digging up said street, and from in any manner interfering with him in laying or maintaining water-pipes therein connected with the city water main for the purpose of supplying said land with water, or from taking up or interfering with any pipes so placed for such purpose.

The complaint sufficiently stated a cause of action as against a general demurrer, and we see no force in the particular objections as to unintelligibility, uncertainty, and ambiguity made by the demurrer on those grounds.

We see no reason why the findings of fact do not fully support the judgment given by the court in favor of John

Roberts. Defendants' point in this connection appears to be that the "conclusions of law" as stated in the decision of the court do not warrant all the provisions of the judgment as to the terms of the injunction awarded. We think those provisions are all within the general scope of the stated conclusions of law, but were it otherwise the point would not be good. When judgment is given by the court it is itself the real conclusion of law, and supersedes any conclusion of law embraced in the decision. The question, then, is as to whether it is sufficiently supported by the findings of fact (Spelling on New Trial and Appellate Practice, secs. 610, 611), and we think that there can be no question that it is so supported here.

We see no point in the objection that the judgment is in favor of plaintiff John Roberts only. (Code Civ. Proc., sec. 578.) According to the findings, he was the *only* plaintiff entitled to judgment.

Other objections are that the evidence is insufficient to sustain certain findings of the court.

The only specifications of particulars in which the evidence is so insufficient available to appellants are those contained in the statement prepared and settled subsequent to the order denying defendants' motion for a new trial, which was made and heard upon the minutes of the court. There is no other statement or bill of exceptions in the record, and the notice of intention to move for a new trial upon the minutes of the court, which is printed in the transcript and apparently contains many such specifications, not being contained in any statement or bill of exceptions, constitutes no part of the record on appeal. (*Leonard* v. *Shaw,* 114 Cal. 69, [45 Pac. 1012]; *Williams* v. *Hawley,* 144 Cal. 97, 100, [77 Pac. 762].) In determining the question as to insufficiency of evidence we are, therefore, confined to the particulars specified in the statement, which are presumably the particulars presented to and argued before the trial court on the hearing of the motion for a new trial. (Code Civ. Proc., sec. 661; *Schneider* v. *Market St. Ry. Co.,* 134 Cal. 482, 484, [66 Pac. 734].)

The finding that plaintiff John Roberts was the owner of the pipe removed by defendants is attacked, it being claimed that the evidence shows that the pipe was put in by his father, who, with his mother and co-plaintiff, Emma Roberts, origi-

nally owned said block 551. The evidence showed that this pipe was used solely in connection with and as appurtenant to said land, and that the land had been subsequently conveyed by the father and mother to said John Roberts. The statement shows that such conveyance to John Roberts, dated June 19, 1901, was introduced in evidence, but a copy of the instrument is not set forth therein, so that we are not advised as to its terms. The trial court found that this pipe in place was appurtenant and belonged to said real property, and also that John Roberts is the owner in fee of said land, and these findings are not attacked.

This statement sufficiently answers the objection made by defendants to this finding.

The finding of fact No. 5 is attacked in so far as it is found that the defendant Etta Hall did any of the alleged wrongful acts. The evidence showed that Etta Hall was the wife of her co-defendant, M. Hall, and that she did not personally participate in any of the acts of her co-defendant, or expressly direct the commission by him of the acts alleged, or have knowledge that Roberts's pipe had been taken up until some time thereafter.

It did, however, appear from evidence that was admitted without objection, much of which was elicited by counsel for defendants, that defendants claimed that Etta Hall owned the land in which the pipe was laid,—viz., Witherby Street; that M. Hall had charge of the same for his wife, and had full authority from her to do anything and everything he deemed necessary to protect her alleged interest therein; and that he did the alleged acts as such agent, for the purpose of preventing what he considered an unwarranted use by others of what was claimed to be her property. We think this was a sufficient showing to support the finding complained of.

It is urged that finding No. 8 is unsupported by evidence in that there is no evidence that defendant Etta Hall gave "authority to do the digging or the plowing of the street, and there is no evidence that she threatened to dig or carry away or convert the pipe to her own use." What has been said in regard to finding 5 is equally applicable to this objection.

It is urged in the brief of defendants that there is no evidence as to threats on the part of defendant M. Hall to interfere in the future with any pipes that may be placed in said

street, or to continue to dig or to plow up said street. As to this there is no specification contained in the statement. The foregoing are all the particulars specified in the statement wherein the evidence is claimed to have been insufficient.

It is contended that the decision is against law in that the court failed to find upon certain affirmative defenses alleged in the answer. In so far as these alleged affirmative defenses are not covered by the findings of the court, the answer to the objection is, that it does not appear that any evidence was introduced in support thereof. It is well settled that a judgment will not be reversed or a new trial granted for want of a finding upon an issue proposed by allegations showing an affirmative defense, or made by way of cross-complaint, where there is no evidence in relation to such issue. Even where the record does not show the evidence given on the trial, it will not be presumed against the correctness of the judgment that any such evidence was given. Here, however, the statement purports to contain "a substantial statement of all the evidence material to the question raised on the motion for a new trial," and thus affirmatively discloses that there was no such evidence. (*Klokke* v. *Escailler*, 124 Cal. 297, 300, [56 Pac. 1113]; *Stewart* v. *Hollingsworth*, 129 Cal. 177, 180, [61 Pac. 936]; *Winslow* v. *Gohransen*, 88 Cal. 450, [26 Pac. 504]; *Himmelman* v. *Henry*, 84 Cal. 104, [23 Pac. 1098].)

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.