[Civ. No. 1576.  Second Appellate District.—February 19, 1915.]

## F. A. CALKINS, Respondent, v. SAMUEL BERLINER et al., Appellants.

CONTRACTS—ACTION FOR RENTAL OF MULES AND WAGONS—SUFFICIENCY OF FINDINGS.—In this action to recover a certain amount as rental of certain mules and wagons, on a contract between the parties, it is held that the findings, taken together with certain admissions in the answer, are sufficient to establish both the amount of the indebtedness included in the judgment, and the fact that it was due and payable at the time of the commencement of the action.

ID.—FAILURE TO FIND ON COUNTERCLAIM—ABSENCE OF EVIDENCE FROM RECORD—PRESUMPTION IN FAVOR OF JUDGMENT.—In such a case where the evidence is not presented on appeal, it will be presumed in favor of the judgment that the defendants offered no evidence concerning their counterclaim, and the omission of the court to find upon the issue thus presented by defendants' pleading is not a sufficient ground for reversal of the judgment.

ID.—SERVICE ON DEFENDANTS OF NOTICE OF ATTACHMENTS—WHEN NOT DEFENSE.—In such a case the fact that notice of attachments and garnishments against the plaintiff was served upon the defendants constitutes no defense to the action, and where the findings are silent as to them, it will be assumed that no evidence concerning them was offered; and where the defendants did not apply for a suspension of the action until the action of the attaching creditor could be disposed of, and did not ask for any stay of execution, the court was justified in rendering judgment absolutely for the sum found to be due.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Louis W. Meyers, Judge.

The facts are stated in the opinion of the court.

Robert T. Linney, and Ralph W. Schoonover, for Appellants.

T. A. Williams, and W. O. Morton, for Respondent.

CONREY, P. J.—The defendants appeal from the judgment rendered against them for a specified sum of money, and the appeal is presented on the judgment-roll alone.

In January, 1913, a contract was entered into between the plaintiff and the defendants under which the defendants, as lessees, took possession of certain mules and wagons delivered to them by the plaintiff, and were to pay to plaintiff a certain sum per month for each pair of mules and another certain sum per month for each wagon. The complaint alleged that on May 17, 1913, when the action was commenced, there was due the plaintiff under said contract, as rental for the month of April, the sum of $454.32, and for the month of May, up to the seventeenth day of May, $247.98; which said sums had been demanded and payment refused. As the court held that in respect to the latter amount the action was prematurely brought, and only rendered judgment for the indebtedness accruing in April, it is not necessary to discuss any questions arising, except with reference to the demand for April.

The answer of the defendants admitted that on May 1, 1913, they were indebted to plaintiff on account of the use of said personal property for the month of April in a sum one dollar less than the amount stated in the complaint, and alleged that said sum was not due or payable, in whole or in part, to plaintiff "until on or after May 10, 1913." They further alleged that by the terms of the contract they were to pay the rental accruing in any one month upon a day subsequent to the tenth day of the succeeding month, the exact day to be determined by the date of the "actual receipt by defendants of the amount earned by them in grading during the preceding months" under a contract of the defendants with other parties for grading upon the Ardmore Heights Tract in the county of Los Angeles. The court found that the rental due for April was $453.32, as stated in the answer; and that the money due for the use of said property should be paid on the 10th of each month for the preceding month, "or as soon after the 10th day of the month as the money was received by the defendants from the Ardmore Heights Tract

Company." The court further found that between the first and tenth days of May, 1913, defendants received from said company a payment of approximately four hundred and fifty dollars, and on or about the nineteenth day of May, five hundred dollars.

The claim urged by the appellants, that the findings of fact above stated do not show that the April rental had become due to plaintiff, is a claim which could not be sustained except by exceedingly technical construction of the words used in the finding with reference to said moneys which were received by the defendants. But the rule of construction runs the other way. (*Bank of Willows* v. *Small,* 144 Cal. 709, 711, [78 Pac. 263] ; *Lomita L. & W. Co.* v. *Robinson,* 154 Cal. 36, 39, [18 L. R. A. (N. S.) 1106, 97 Pac. 10].) We think that these findings, taken together with the admissions to which we have referred as contained in the answer, are sufficient to establish both the amount of indebtedness included in the judgment and the fact that it was due and payable at the time of commencement of this action.

The findings and judgment ignore a counterclaim of $11.50 upon facts set forth in the answer. As the evidence is not presented on this appeal, we should assume in favor of the judgment that the defendants offered no evidence concerning this counterclaim, and the omission of the court to find upon the issue thus raised by defendants' pleading is not a sufficient ground for reversal of the judgment. (*Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66[.)

The answer alleged that on May 9th, and on other days to and including May 19, 1913, in certain actions against the plaintiff, attachments had been issued and duly and legally served upon the defendants herein, "whereby all the moneys then owing from defendants herein to plaintiff herein were attached and garnished under order of court." The findings are silent as to two of these attachments, and it may be assumed, as in the case of the counterclaim above stated, that no evidence concerning them was received. The court did find, however, that one of said attachments was served on the defendants and was released prior to the commencement of this action; and that another of said attachments was served on defendants herein on May 13th and had not been released at the time of commencement of this action.

The matter thus pleaded by the defendants did not constitute a defense. The defendants here did not apply for a suspension of the action until the action of the attaching creditor could be disposed of, and did not ask for any stay of execution. Under these circumstances, the court was justified in rendering judgment absolute for the sum found to be due. (*Glugermovich* v. *Zicovich*, 113 Cal. 64, [45 Pac. 174].)

The judgment is affirmed.

James, J., and Shaw, J., concurred.