[S. F. No. 11109. In Bank.—July 17, 1924.]

JAMES OUZOONIAN et al., Respondents, v. J. VAUGHAN et al., Defendants; JOHN DER BOGHOSIAN, Intervener and Appellant.

[1] Appeal — Quieting Title — Order Made After Judgment — Appealability of—Dismissal.—In an action against the vendee to quiet title to real and personal property sold under an installment contract, an order made after judgment in an action directing the receiver appointed therein to pay the proceeds of sale of the property to the plaintiffs is an appealable order, and where an

---

1. See 2 Cal. Jur. 171, 178.

appeal is not taken from it within the statutory time. after its entry, the appeal will be dismissed.

[2] ID.—CHATTEL MORTGAGE ON CROPS—CONTEST BETWEEN MORTGAGEE AND VENDEE—ADJUDICATION.—In such an action, where the court made an order, after final judgment, in a contest between the vendee of the contract of sale and a chattel mortgagee of the crops, directing the receiver to pay the proceeds of the sale of the crops to the vendee, the order was an adjudication that the claim of the mortgagee was without right, which order was final after the lapse of the time of appeal therefrom.

[3] ID.—ABSENCE OF BILL OF EXCEPTIONS OR REPORTER'S TRANSCRIPT —PRESUMPTIONS.—Where an appeal is upon the judgment-roll alone, there being no bill of exceptions or reporter's transcript, and the findings are not inconsistent with the judgment appealed from, it must be assumed that they are fully supported by the evidence; and where the facts found would not support a judgment in favor of the appellant, the appellate court is required to assume that the omission of the trial court to find other facts favorable to the appellant's contention was due to the fact that no evidence was produced which would justify such findings.

3.   See 2 **Cal. Jur.** 520.

(1) 3 **C. J.**, pp. 457, 519, 1067; secs. 269, 352, 1074.    (2) 3 **C. J.**, p. 520, sec. 352 (1926 Anno.).    (3) 4 **C. J.**, pp. 777, 779, secs. 2727, 2728.

APPEALS from a judgment of the Superior Court of Fresno County, from an order directing the delivery of property by a receiver, and from an order appointing a receiver. J. E. Woolley, Judge. Appeals dismissed.

The facts are stated in the opinion of the court.

Geo. G. Graham for Appellant.

E. C. Loughlin and M. F. McCormick for Respondent.

THE COURT.—This case comes before us upon a motion of the plaintiffs and respondents to dismiss three appeals on the part of the intervener and appellant. A somewhat extended statement of facts is necessary to an understanding of the questions raised thereby. In 1920 the plaintiffs, being the owners of a ranch property together with certain personal property located thereon and used in the operation thereof, entered into a contract for the sale of said real and

personal property to the defendants Vaughan at a price payable in installments, under which contract the defendants entered into possession of said land and personal property. Thereafter, in June, 1921, defendants executed to the intervener a promissory note secured by a chattel mortgage upon the crops to be produced upon said property in the year 1922. In December, 1921, plaintiffs commenced an action against defendants, in which they pleaded the conventional allegations of a suit to quiet title to the premises described in the contract and in addition thereto they set out the contract *in haec verba,* alleged various defaults on the part of the defendants in the performance thereof, alleged the commission of waste upon said premises by the defendants in failing to properly farm and care for the same, averred that the appointment of a receiver was necessary to properly care for said premises and the vines growing thereon, and prayed for the appointment of such receiver, for a decree adjudging the contract forfeited, quieting the title of the plaintiffs and debarring the defendants and all persons claiming under them from asserting any claim whatsoever in and to the premises. In December, 1921, plaintiffs also filed an affidavit alleging that said premises were set to fruit trees and grape-vines, that the defendants had neglected and were then neglecting to properly care for the same, by reason of which the premises had depreciated several thousand dollars in value, and that unless a receiver should be appointed to properly care for said trees and vines the same would become an utter loss, alleging the insolvency of the defendants and praying for the appointment of a receiver "to farm said premises during the pendency of this action, to have all powers given a receiver by law." The defendants appeared and filed an answer and a cross-complaint, to which an answer was filed by the plaintiffs. Thereafter, in July, 1922, an order was made appointing a receiver to take possession of the property and to "care for said real property and the vineyards and orchards growing thereon and the crops to be produced on said premises; to sell the said crops at such times and upon such terms as he shall determine to be for the best interests of the parties interested therein . . . and in general to maintain said property in good condition and to hold all of said property and the net proceeds of the sale of any crops produced thereon

until the further order of this court." The receiver took
possession of the premises, harvested the crops and sold the
same and collected the proceeds thereof. Thereafter, in
November, 1922, the intervener, by permission of court, filed
his complaint in intervention, setting up the execution of
his note and chattel mortgage and praying for the fore-
closure thereof and for the sale of the crops upon said prem-
ises. The complaint in intervention was unverified and, so far
as appears from the transcript herein, no answer thereto
was filed by either the plaintiffs or the defendants. There-
after, on November 23, 1922, a trial was had, at the con-
clusion of which the court filed written findings of fact and
conclusions of law in which it found in favor of the plain-
tiffs upon all of the issues of fact as between the plaintiffs
and defendants, and concluded that the defendants did not
have, either at the time of the commencement of the action
or at the time of the making of the findings, any estate,
right, title, or interest in or to said real property or said
personal property, and that the plaintiffs were entitled to
judgment quieting their title against the defendants and
each and every person claiming or to claim by, through or
under said defendants, or either of them, and forever de-
barring and enjoining said defendants, and each of them,
and each and every person claiming or to claim by, through
or under them, or either of them, from setting up or assert-
ing any right, title, interest, estate, claim, or equity in or to
said property or any part or portion thereof. This was
followed by the entry, December 1, 1922, of a judgment to
like effect, which provided further that "the court reserves
the right to make all necessary further orders, judgments
and decrees relative to the appointment of the receiver in
this action and the disposition of all properties which have
heretofore or may hereafter come into his possession." The
preamble to these findings of fact recites the appearance of
counsel for the plaintiffs and defendants, respectively, but
does not mention the intervener or his counsel. It is ap-
parent from the record, however, that the intervener and
his counsel did appear and participate in said trial. There-
after the receiver filed his report and account and a hear-
ing was had thereon January 19, 1923, upon notice to all
parties, at which hearing the intervener appeared by his
counsel in opposition to the confirmation of said report and

account, and orally presented objections thereto, and the court made its order overruling said objections, settling the account of the receiver, fixing his compensation, and directing the payment by him of the balance remaining in his hands, amounting to about two thousand dollars, to the plaintiffs. This order was entered January 30, 1923.

Thereafter, on June 27, 1923, other findings of fact were filed, reciting that the cause came on for hearing on November 23, 1922, the parties appearing by their counsel, including the intervener and his counsel, finding the facts as to the execution of intervener's chattel mortgage, and "that plaintiffs are and at all times since the commencement of this action have been entitled to the possession of said real property and all crops produced thereon since the commencement of this action," and concluding that the intervener should take nothing by reason of his complaint in intervention. On June 28, 1923, the intervener filed a notice of appeal from the "judgment of the trial court given in favor of plaintiffs on the twenty-seventh day of June, 1923," and "from the order of the court made June 26, 1923, ordering and directing the property mentioned in intervener's complaint paid out to the plaintiffs by the receiver." These appeals were thereafter on motion dismissed upon the ground that the judgment having been entered December 1, 1922, and the order settling the accounts of the receiver and directing the payment of money by him to the plaintiffs January 30, 1923, the appeals therefrom were too late, and that an appeal would not lie from the findings dated June 27, 1923, for the reason that no judgment had been entered thereon. (*Ouzoonian* v. *Vaughan,* 64 Cal. App. 369 [221 Pac. 958].) Thereafter, on February 7, 1924, at the request of intervener, the trial court entered a judgment upon the findings of June 27, 1923, that the intervener take nothing by his said action. Thereupon and on the same day the intervener filed notice of appeal "from the judgment of the trial court given in favor of the plaintiffs and against the intervener on the seventh day of February, 1924, upon the findings of fact and conclusions of law filed June 27, 1923," and "from the order of the court on directing the property mentioned in intervener's complaint to be delivered to the plaintiff by the receiver" and "from the order appointing said receiver

as a part of the appeal from the aforesaid judgment."
These are the appeals at which the present motion to dismiss
is directed.

Intervener now concedes that his appeal from the order
appointing the receiver is ineffective because taken too late.
He asserts, however, that his appeal from the judgment of
February 7, 1924, is in time and that "the appeal from
the order directing the property to be turned over to the
plaintiffs or the respondents here comes up with the appeal
from the judgment and as a part thereof." [1] The order
directing the property in the hands of the receiver to be
turned over to the respondents was a special order made
after final judgment in the action and was, therefore, an ap-
pealable order. The intervener has in fact already pros-
ecuted one appeal therefrom and his appeal has been dis-
missed upon the ground that it was taken too late. (64 Cal.
App. 369 [221 Pac. 958].) Intervener contends, however,
*that he is now entitled to a review of this order in connec-
tion with his appeal from the judgment of February 7,
1924.* Respondents reply that the purported judgment of
February 7, 1924, is a nullity, for the reason that all issues
and controversies between the parties were determined and
concluded by the judgment of December 1, 1922. Respond-
ents assert that that judgment which debarred not only the
defendants, but "each and all persons claiming or to claim
by, through or under them or either of them . . . from
making, setting up or asserting any right, title, interest,
estate, claim or equity in or to said real property or said
personal property or any part or portion thereof adverse
to plaintiffs" was necessarily an adjudication and estoppel
against the intervener as to all of his rights and claims
herein. It may be inferred from the record that the trial
judge was of the contrary opinion. [2] In our view it is
unnecessary to determine this question for the reason that if
it be assumed that the first judgment was not an adjudication
of the claim of the intervener, it follows that the order
which was made after the judgment and which directed
the receiver to pay over to the plaintiffs the balance of
funds remaining in his hands was such an adjudication.
The intervener was an active party litigant at the hearing
which resulted in that order. The only controverted ques-
tion of importance then before the court for adjudication

was whether the funds then remaining in the hands of the receiver should be paid to the plaintiffs or to the intervener. These funds consisted of the proceeds of the crops which had been harvested by the receiver upon the premises in controversy during the year 1922. The plaintiffs claimed to be entitled thereto by virtue of their ownership of the premises and their right to the possession thereof from and after the institution of the action, which was December, 1921. The intervener claimed to be entitled thereto by virtue of his chattel mortgage. The trial court decided this issue in favor of the plaintiffs and against the intervener and made its order directing the receiver to pay over said proceeds to the plaintiffs. This was an adjudication that the claims of the intervener were without right. Whether that adjudication was correct or incorrect it is now final and conclusive against the intervener because the time for appeal therefrom had long since elapsed when this appeal was taken. The only question presented by the present appeal which touches the merits of the case is the question of intervener's rights under his chattel mortgage. That question having been determined by an adjudication which has become final and conclusive upon the parties, it would be a vain and useless thing to retain the appeal in this court for further consideration of a question which is no longer open to reconsideration as between these parties, and the motion to dismiss should be granted.

[3] We arrive at this conclusion the more readily by reason of the fact that an examination of the record upon this appeal convinces us that aside from the matter of estoppel by the previous judgment, we should be compelled to affirm the judgment here appealed from in any event. The appeal is upon the judgment-roll alone, there being no bill of exceptions or reporter's transcript. The findings are not inconsistent with the judgment appealed from and we are required to assume that they are fully supported by the evidence. The facts found would not support a judgment in favor of the intervener, and we are required to assume, in the absence of a bill of exceptions or reporter's transcript of the testimony, that the omission of the trial court to find other facts favorable to intervener's contention was due to the fact that no evidence was produced which would justify such findings.

The appeals are dismissed.