[Civ. No. 6594. Second Appellate District, Division Two.—August 27, 1931.]

THE AMERICAN EXCHANGE NATIONAL BANK (a Corporation), Respondent, v. ALBERT E. SOFFEL, Appellant.

Burton Briggs Crane for Appellant.

Sherman & Sherman for Respondent.

YORK, J.—This is an appeal by defendant Soffel from a judgment awarded on two trade acceptances signed by said defendant and held by plaintiff.

■ The points raised by appellant would require a weighing of the evidence by this court. It cannot be said that there was not sufficient evidence to support the findings or that the findings were not sufficient to support the judgment. This is an action brought on two trade acceptances, and the court found that the plaintiff purchased said trade acceptances in the due course of business for value, prior to the maturity thereof; that plaintiff is an innocent purchaser for value of said trade acceptances, and that plaintiff is the holder for value of said trade acceptances.

The fact that the trial court had evidence before it that, at the time the trade acceptances were taken by the bank, the bank had made the statement upon the deposit slip, which was made out at the time the trade acceptances were presented to and accepted by the bank: "We will use our discretion as to sending direct or through intermediary banks for collection acting as your agent only and assuming no responsibility beyond carefulness in selecting such agents," is not conclusive upon the trial court, other evidence having been introduced in reference to the transaction, and sufficient to prove that respondent was the holder of the acceptances by purchase in due course and for value.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1931, and the following opinion then rendered thereon:

THE COURT.—In this petition appellant lays much stress upon the proposition that there was a defect in the indorsements on the trade acceptances in this: That the acceptances, which were introduced in evidence without any explanation of the indorsements, show on their face that the Nature Products Company, at the time when it transferred the acceptances to respondent, was a prior party to whom the instruments had been negotiated back after transfer to other indorsees; and that by necessary inference it appears that the company transferred the acceptances to respondent by delivery without further indorsement. Appellant contends

that under these circumstances, and by reason of the fact that the transfer to respondent was not accompanied by a new indorsement, respondent took the instruments merely as a holder for value, and not as a *bona fide* holder thereof in the ordinary course of business as the Negotiable Instruments Law expressly provides.

For the purposes of the argument let it be conceded (without deciding) that this would be a good defense if it has been presented in the lower court. In that event the plaintiff would have had the opportunity to show, and possibly it might have shown, that the names indorsed on the acceptances, following the name of the Nature Products Company, were all names of officers and directors of the company, who had never had possession of the acceptances and whose names had been placed thereon solely and only for the purposes of sale of the acceptances to the plaintiff. These, or some other explanatory facts which the plaintiff might have produced in evidence, were very evidently omitted from the trial because the defense now urged was not presented to the court. An examination of the record of the trial shows that appellant was there claiming and contending that respondent was not a holder of the acceptances in due course and for value, solely for the reason that, as appellant contended, respondent had received the instruments for purposes of collection and not as an outright purchaser. Respondent on the other hand conceded that if it was not such *bona fide* holder in due course of business, the defense would be good because the defendant had accepted the instruments without consideration therefor.

Under such circumstances we are of the opinion that the point now urged as the principal ground for rehearing was not properly before us for consideration on its merits. In *Isenberg* v. *Sherman*, 212 Cal. 454 [299 Pac. 528], on a petition for rehearing the Supreme Court denied the rehearing and in so doing used language which is pertinent here: "The point cannot be considered on this appeal for the reason that it was never made in or presented to the trial court. . . . These, and many other facts appearing in the record, conclusively indicate that, during the trial of this case, at no time was there urged the point that these particular 185 shares were illegally seized for the reasons now

sought to be urged. Under well-settled principles of law, we are bound to hold that this point cannot now be considered."

The petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.