[Civ. No. 473. Fourth Appellate District.—September 29, 1931.]

BESSIE M. BOWERS, Appellant, v. THE UNION TRUST COMPANY OF SAN DIEGO (a Corporation), Respondent.

William H. Wylie for Appellant.

Albert J. Lee, Edgar A. Luce and Stearns, Luce & Forward for Respondent.

ALLISON, J., *pro tem.*—The plaintiff appeals from the judgment on the judgment-roll alone. The action was brought to recover from defendant the sum of $3,000 with interest. The basis of plaintiff's claims is an alleged breach of trust on the part of the defendant, the trustee under a certain indenture of trust dated August 1, 1921, executed by Stephens & Company, a corporation, as security for certain bonds which were to be issued and sold by Stephens & Company. Said bonds were to be secured as to principal and interest by certain collateral securities which had been sold and assigned by Stephens & Company to the defendant as trustee, pursuant to the provisions of said indenture of trust.

It is alleged that certain collateral securities were from time to time delivered by Stephens & Company to the respondent, to secure the payment of the obligations issued by Stephens & Company under said indenture of trust and that said respondent did from time to time certify and deliver to Stephens & Company the written obligations of the said Stephens & Company in accordance with the terms and provisions of said indenture. Appellant was the owner of three of the bonds so issued and certified by the respondent.

It was provided in said trust agreement that should Stephens & Company be adjudged bankrupt that the trustee might declare the principal of all outstanding bonds to be due and payable forthwith. On the twenty-ninth day of December, 1926, Stephens & Company was adjudged bankrupt and the respondent, in accordance with the provisions of said trust agreement, declared all outstanding bonds to be due and payable forthwith, and at the time of the trial of the action the estate of said bankrupt had not been fully administered or closed.

It was stated in said trust agreement that the objects and purposes of said declaration of trust were to provide "a convenient form of investment" in certain securities owned by Stephens & Company, the securities being divided into classes. It was proposed that the securities of the respective classes would from time to time be deposited with the respondent and that such securities as were then in the possession and ownership of Stephens & Company were pledged to the trustee. The trust agreement contemplated that, with the securities of the kinds and classes described in said agreement and of the values as fixed therein, in the hands of the trustee, Stephens & Company was to issue its own trust notes denominated "collateral trust 7 per cent serial gold bonds", which it was to sell to the general public, the trustee being required to first certify that the bonds as issued, were bonds "described in the trust agreement therein mentioned".

By the provisions of said trust agreement the trustee might certify bonds when Stephens & Company had delivered to the trustee, and the trustee held bonds or mortgages of the market value of $1100 for each $1,000 face value of bonds certified, or when Stephens & Company had delivered to the trustee stocks of the kind and character described in the trust agreement, of the market value of $1200 for each $1,000 face value of the bonds certified. In ascertaining the market value of the securities of both classes so delivered to the trustee, it was provided that the trustee should take the average market value thereof as shown by three affidavits to be filed with the trustee by Stephens & Company at the time the trustee was requested to issue and certify to such bonds. It was provided that one of the affidavits should be by the president or vice-president of Stephens & Company

and that the other two affidavits should be by independent appraisers previously approved by the corporation commissioner of the state of California. It was also provided in said trust agreement:

"Section 3. The Company, may at any time, withdraw from the trustee any or all of the securities deposited as collateral hereunder, by replacing them with cash in amounts equal to 80% of the market value of the stock and 90% of the market value of the bonds or mortgages so withdrawn, or by replacing them with stocks, bonds or mortgages of an equal market value or with retired bonds secured thereby."

Appellant charges in her complaint that the respondent received and accepted from Stephens & Company, pursuant to the terms of said trust agreement, certain bonds, certificates of stock and other evidence of indebtedness, of the appraised market value of $467,562.32, and certified and delivered to said Stephens & Company the written obligations of Stephens & Company, secured as to principal and interest under said agreement of trust, aggregating an indebtedness of $424,500, and that while said obligations were outstanding and unpaid the trust company, without the consent or knowledge of the appellant, delivered all of said securities to Stephens & Company or to persons unknown to appellant and that no part or portion of said securities or the proceeds derived therefrom, were in the possession or under the control of the said respondent; and that by reason thereof, the said respondent was unable to make sale thereof, in order that the proceeds derived therefrom might be applied to the payment of the bonds owned and held by the appellant, and that by reason of said act of the respondent in permitting said securities to be withdrawn from its actual possession and from under its control, the said respondent lost all power over said collateral to subject it to the payment due on the bonds held by appellant, to her damage in the sum of $3,000, and interest.

The answer admits the due incorporation of Stephens & Company and of the respondent Union Trust Company of San Diego, and that exhibit "B" attached to the complaint is a true and correct copy of the trust indenture; admits the adjudication in bankruptcy of Stephens & Company and alleges that the estate of said bankrupt is still in the process of administration; that respondent did, on behalf

of appellant, file a claim and proof of debt in said estate; that the same was allowed and that no claims have been paid; that there is in the hands of the trustee sufficient funds to pay a part of said claim and that the trustee is prosecuting proceedings for the collections of assets of the estate which, when collected, will be sufficient to pay said claim in full. The answer denied each and every allegation contained in the complaint, except those matters which were specifically admitted.

Appellant attacks the judgment, claiming that it is based upon conclusions of law, or findings of ultimate fact inconsistent with, and repugnant to, the other findings which comprise all the probative facts in the case.

It is conceded by appellant that the only breach of the agreement of trust and the only breach of duty the respondent owed appellant as owner of the bonds secured under said agreement of trust, is the alleged failure of the trust company to keep and retain possession and control of the collateral deposited with it by Stephens & Company to secure such payment, and the only damage claimed by appellant is that occasioned by the alleged failure of the trust company to keep and retain such collateral so that the same could be sold and the proceeds derived therefrom applied to the payment of the bonds which appellant owns.

Appellant insists that the judgment is without support in the findings as made by the court and that the judgment must find its support, if any it has, upon purported findings which in their nature are conclusions of law.

The court found that the respondent did, from time to time, certify and deliver to Stephens & Company the written obligations of Stephens & Company, in accordance with the terms and provisions of said trust indenture and that the respondent had not violated the terms and provisions of the trust agreement, nor had it violated the obligation and duty which it owed to the appellant as the holder of bonds of Stephens & Company; that it had not violated any of the terms or provisions of said agreement to keep and retain possession and control of the bonds and certificates of stock; that it was not true that the respondent, without the consent or knowledge of the appellant, delivered all of said bonds and certificates of stock, theretofore sold and transferred to the respondent, to Stephens & Company, or to

other persons unknown to appellant, and that it was not true that no part or portion of the bonds or certificates or the property represented thereby or the proceeds derived therefrom, was then in the possession and under the control of the respondent; that the respondent had not lost the control or possession of said securities; also that appellant had not been damaged.

The court further found that on the fifteenth day of June, 1927, the respondent had in its possession the stocks and bonds in said findings described, and at a public sale held on said day, sold said securities and received therefrom the sum of $1100 for the entire parcel, and that the securities sold on said day were all the certificates of stock and bonds in the possession of respondent or under its control, on the date of the adjudication in bankruptcy of Stephens & Company and at all times subsequent thereto held and retained by the trust company to secure the payment of the principal and interest on outstanding bonds which had been issued under the provisions of the trust agreement; that at no time subsequent to the twenty-ninth day of December, 1926 (the date of said adjudication), had the respondent held in its possession any other or further securities than those enumerated in said finding number XV.

This appeal is upon the judgment-roll alone, there being no bill of exceptions or reporter's transcript of the evidence. An examination of the foregoing findings convinces us that the same are not inconsistent with the judgment appealed from, and we are required to assume that they are fully supported by the evidence. The facts found would not support a judgment in favor of the appellant and we are required to assume, in the absence of a bill of exceptions or reporter's transcript of the testimony, that the failure of the trial court to find other facts favorable to appellant's contention was due to the fact that no evidence was produced which would justify such finding. (*Ouzoonian* v. *Vaughan*, 194 Cal. 139 [228 Pac. 8].) When an appeal is to be determined upon the judgment-roll alone, all intendments will be made in support of the judgment and all proceedings necessary to its validity will be presumed to have been regularly taken. (2 Cal. Jur. 521.)

It is not always necessary to make specific findings as to each of several material issues when the findings,

taken as a whole, or construed together, clearly show that they include the court's conclusion upon the material issues. (*Rossi* v. *Beaulieu Vineyard*, 20 Cal. App. 770 [130 Pac. 201].) ▮ If, in any case, there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest the judgment upon that finding or those findings, and others may and will be disregarded. (*Brown* v. *Schroeder*, 88 Cal. App. 192 [263 Pac. 325].)

In the case of *Kendis* v. *Cohn*, 90 Cal. App. 41 [265 Pac. 844, 854], the court had under consideration a finding to the effect "that plaintiff has not sustained monetary damage by reason of any matters or things set forth in the second or third cause of action pleaded in the complaint herein" and from the judgment on such findings plaintiff appealed. In disposing of said matter the court said: "It may be said that this appeal is taken on the judgment-roll alone, and there is therefore a total absence of any transcript of the evidence or bill of exceptions. Under such circumstances it will be presumed that the evidence offered in support of the findings was sufficient to support the facts found. (Citing cases.) It is a well settled rule that findings of fact made by the trial court are to receive such construction as will uphold, rather than defeat its judgment thereon. (Citing cases.) And if different inferences may be drawn from the facts as found, this court will not upon an appeal from the judgment on the judgment-roll alone draw an inference contrary to that drawn by the trial court or which will have the effect to defeat the judgment. (Citing cases.)"

We are of the opinion that the judgment appealed from finds ample support in the findings. In view of this conclusion it is unnecessary to discuss the other contentions made by the appellant.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1931.