[Civ. No. 6689. Second Appellate District, Division One.—October 17, 1931.]

S. H. WEST & COMPANY (a Corporation) et al., Respondents, v. HARRY F. WAGNER et al., Appellants.

Praeger & Biddle for Appellants.

Samuel J. Crawford for Respondents.

BISHOP, J., *pro tem.*—Plaintiffs successfully sought a judgment for brokers' commissions earned by securing an

acceptance of an offer to exchange real estate. We are of the opinion that the judgment must be affirmed.

Defendants placed in the hands of plaintiffs, the record shows, a writing signed by themselves containing an offer to exchange their property, subject to a mortgage for $15,500 and other encumbrances, for certain other property described in the writing, subject to its listed encumbrances. The writing also contained a statement that S. H. West & Co. was irrevocably appointed defendants' agent to negotiate an acceptance, and that they agreed to pay "said agent S. H. West & Co. and A. Stanley White a commission for his services $500.00, immediately upon the procuring by him . . . of said written acceptance of this offer". It was further provided that the agent for either party to the exchange might act for the other party and receive a commission of not to exceed $1500. The writing continued: "It is further agreed and understood, that if for any reason whatsoever either or all of the principals to this agreement, shall fail to comply with same, and in consequence this exchange shall fail of consummation, then the party or parties at fault for such failure agree to pay S. H. West and Company the full commission for both sides together with attorney and escrow charges."

The same day plaintiffs presented this offer to the Wilsons, who signed an acceptance unconditionally. They further agreed to pay plaintiffs a commission of $1500. Within five days thereafter the parties entered escrow, conditioned upon each complying with the escrow instructions within thirty days. This the defendants failed to do, and the Wilsons terminated the escrow and called the deal off.

With these facts as a background the parties entered upon the trial with a statement, made by the plaintiffs and echoed by the defendants, that there were only two issues involved: (a) "whether the defendants in the case were the parties at fault in failing to consummate the transaction", or whether they were excused by their special defense; and (b) whether or not the contract is such that plaintiffs were entitled to attorney's fees. As the trial court found on the second issue in favor of appellants, the first is the only question presented both to the trial court and to us. The theory of the case, thus framed by the statement to the trial court, is in harmony with the pleadings, where the only issue

raised (in addition to the denial of an interpretation of the contract which would allow plaintiffs attorney fees) was a denial of defendants' inability to complete the terms of the exchange, a denial that it failed of consummation through their fault and the affirmative defense that it was all plaintiffs' fault. By way of explaining how plaintiffs were at fault, defendants alleged that shortly after the escrow was opened plaintiffs came to them, requesting that instead of a loan of $15,500, against the property they were to convey to the Wilsons, that $17,500 be secured; that repeated attempts to obtain this sum from sources suggested by plaintiffs were fruitless but time consuming, with the result that they had secured no loan of any amount within the thirty days prescribed in the escrow instructions, failed to comply with its provisions, and the Wilsons withdrew. The findings do not touch specifically upon this special defense, but, in substance, find against it in declaring "the exchange failed of consummation by reason of the fault of the defendants".

■ Assuming, however, that this is insufficient as a finding, and that there is no finding on this special issue, appellants are not harmed, for if true it would constitute no defense. When they left the presence of the defendants with the signed writing in their hands, plaintiffs plainly had a written contract, promising them (a) $500 if they secured an acceptance and the exchange was consummated, (b) $500 plus the commission to be promised by the acceptors of the offer, if the exchange failed, due to the fault of either party. They secured the acceptance, which earned them their commission (*Jauman* v. *McCusick*, (1913) 166 Cal. 517 [137 Pac. 254]). As between the parties to the exchange, the fault for the failure is not the Wilsons', but the defendants'. Under what principle of law are the defendants to be relieved from the obligation thus imposed by their contract, because of what plaintiffs are alleged to have done? There are no facts alleged, or appearing in the evidence, showing fraud or waiver, creating an estoppel, or giving rise to any known or suggested theory or fiction of law, which forfeits the rights plaintiffs acquired under the contract. Of course, plaintiffs denied that the added sum was sought at their request, but if it was, it was not under conditions which made them responsible for the defendants' failure or

which worked as a surrender of plaintiffs' right to an earned commission.

It would not be proper for us to reverse this judgment on grounds which, if they had been before the trial court, might have resulted in the admission of evidence and the making of findings which would obviate a reversal, but which are pressed for the first time on appeal. (2 Cal. Jur. 234; *American Exchange Nat. Bank* v. *Soffel,* (1931) 116 Cal. App. 353 [3 Pac. (2d) 338]; *Isenberg* v. *Sherman,* 212 Cal. 454 [299 Pac. 528].) For this reason we shall not discuss appellants' contention that there was a mutual rescission of the exchange agreement by all concerned, nor their argument that by some subsequent promise of the Wilsons plaintiffs were to receive more than $1500, nor the claim that there was no proof that the Wilsons could perform, nor the effect of the defendants' belated offer to perform. No other matter merits comment.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.