[L. A. No. 19145.   In Bank.   Sept. 14, 1945.]

GEORGE R. BROWN, Appellant, v. REPUBLIC PRODUC-
TIONS, INC. (a Corporation) et al., Respondents.

Ray Sandler, Max Fink and Robert Kingsley for Appellant.

Loeb & Loeb, Herman F. Selvin and Milton H. Schwartz for Respondents.

SCHAUER, J.—In this suit brought by plaintiff for the plagiarism, infringement, conversion or destruction of the music, lyrics and title of a certain musical composition known as "Puddin' Head," plaintiff appeals, on the judgment roll alone, from such portion of the judgment rendered by the trial court, sitting without a jury, as denies to plaintiff relief by injunction, damages, or otherwise, against a motion picture company and a music publishing company.

The court found, among other things that plaintiff, and defendants Jule Styne and Sol Meyer, were the coauthors and coowners of the composition; that before publication thereof defendant Styne, within the scope of his employment by defendant Republic Productions, Inc., used all of the music and a portion of the lyrics of the composition by incorporating them in a similar composition also entitled "Puddin' Head," and that defendants Styne and Republic Productions, Inc., thereby altered and changed the original lyrics of plaintiff and his coauthors with knowledge of plaintiff's rights; that thereafter defendant Republic Productions, Inc., used the revised composition in a motion picture produced by it which had been and is being distributed by it for profit; that defendant Mills Music, Inc., has distributed and is distributing for profit copies of the revised composition; that the use by the two corporate defendants of the revised composition was made pursuant to a written agreement executed by Styne and Meyer permitting and licensing such use; and that the alteration of the original composition and the licensing and use by defendants of the revised product were done without plaintiff's knowledge or consent and without compensating him.

From such findings the court concluded that plaintiff was entitled to an accounting against his coowners Styne and Meyer for profits realized and to be realized by them from the use of the revised composition, but that he was entitled to nothing as against defendants Republic Productions, Inc., and Mills Music, Inc. Judgment was entered accordingly.

Plaintiff in support of his appeal from the latter portion of the judgment earnestly contends that, as alleged by him him in his complaint, the effect of the use by defendants of the revised composition ''now is, and unless . . . enjoined, will continue to be, the impairment and *destruction* of plaintiff's property and property rights'' (italics added) and that therefore plaintiff is entitled to relief against the two corporate defendants in addition to that awarded him against his coauthors, defendants Styne and Meyer. He concedes that if the composition had been used in its original form he could not recover against the corporate defendants, inasmuch as Styne and Meyer as owners in common with plaintiff of the original composition were severally entitled to use the composition and to license others to use it without first securing plaintiff's consent. (See *Klein* v. *Beach* (1916), 232 F. 240, 247 (1917), 239 F. 108 [151 C.C.A. 282]; *Lee Chuck* v. *Quan Wo Chong & Co.* (1891), 91 Cal. 593, 598-599 [28 P. 45]; *Dinsmore* v. *Renfroe* (1924), 66 Cal.App. 207, 214 [225 P. 886]; *Herbert* v. *Fields* (1915), 152 N.Y.S. 487, 489.) But he asserts that the acts of defendants amount to more than a license and user of the original composition; that they amount to a destruction thereof; that the authority of a cotenant over literary property is not different from the authority of a cotenant over tangible personal property; and that such authority, as to tangible property, does not extend to acts of destruction or to the rendering impossible of further enjoyment of the common property by another cotenant. In support of such assertion plaintiff cites Shafter, Musical Copyright (1939), pp. 165-166; *Yadkoe* v. *Fields* (1944), 66 Cal. App.2d 150, 159 [151 P.2d 906]. (See, also, *Herbert* v. *Fields* (1915), *supra,* 152 N.Y.S. 487; Amdur, Copyright Law and Practice (1936), p. 835; *Horn* v. *Klatt* (1944), 65 Cal. App.2d 510, 517 [151 P.2d 149].) However, for the reasons hereinafter stated, we find it wholly unnecessary in the disposition of this appeal to resolve the propositions of law asserted in the contentions above stated.

The trial court made no finding as to whether plaintiff's property (the original composition) or his property rights therein were *destroyed* in whole or in part by the enumerated acts of defendants. Whether a destruction resulted was an issue of fact requiring proof by competent evidence. The use to which parts of the composition were put

by defendants does not by itself show destruction of the original composition or plaintiff's rights therein. ■ Under the judgment plaintiff is to be compensated for rights in the rewritten composition. This, in itself, is in a measure inconsistent with the theory that he has been wholly deprived of his rights in and under the original literary property; his interest in and rights under the revised composition necessarily derive only from his interest in and rights under the original. Hence such rights are being recognized and given efficacy rather than being wholly destroyed.

■■ As mentioned above, this is an appeal on the judgment roll alone and the evidence introduced in the trial court is not before us. Therefore, as stated in *Delanoy* v. *Delanoy* (1932), 216 Cal. 23, 27 [13 P.2d 513], ''Even though it appears that the trial court failed to find on an issue raised by the pleadings [i. e., the issue of destruction of the musical composition], error cannot be predicated on such failure in the absence of a record showing that evidence was introduced on such issue sufficient to sustain a finding on behalf of appellant. (2 Cal.Jur. 525, sec. 262.) In order to warrant the reversal of a judgment for failure to find on an issue it must be shown by the *record on appeal* that evidence sufficient to sustain a finding for the complaining party was introduced. (24 Cal.Jur. 947, sec. 189.) No such record has been presented. We must assume, therefore, that had a finding been made on the issue it would have been adverse to appellant.'' (See, also, *Franklin* v. *Bettencourt* (1936), 16 Cal.App.2d 511, 513 [60 P.2d 1017]; *Klein* v. *Maddox* (1943), 59 Cal.App. 2d 141, 146 [138 P.2d 28]; 2 Cal.Jur. p. 1034, § 614.)

Plaintiff makes no other attack on the judgment and therefore, for the reasons stated above, the portion of the judgment appealed from is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.