[Civ. No. 3450.   Fourth Dist.   Jan. 8, 1947.]

CLAUDE O. RHODES et al., Respondents, v. FRED A. NEWBY et al., Appellants.

Hales & Hales, Edwin R. Hales and Ray Howard for Appellants.

David H. Baldwin for Respondents.

GRIFFIN, J.—Plaintiffs filed their complaint in this action alleging breach of an agreement of sale of real and personal property. The breach here involved refers to the sale of about 1,500 smudge pots which it was agreed were located on the real property. The sale of the smudge pots was evidenced by a bill of sale.

It is alleged that only 594 usable smudge pots were found on the property and that $274 worth of fertilizer ordered by the seller was to be paid for by the purchaser and to be offset against the total obligation owed by such purchaser. Damages in the sum of $5,000 were asked.

The answer filed admitted that a smaller number than 1,500 smudge pots were found on the premises but claimed that there was a separate later independent agreement that if it should appear that more pots were required for proper protection of the premises, defendants would supply them. The three affirmative defenses alleged in the answer were practically the same allegations set forth in defendants' cross-complaint, which we will later discuss.

On these issues the case was set down for trial. At that time permission was granted to defendants to file a cross-complaint. The cross-complaint alleged that defendants and cross-complainants entered into the agreement to sell plaintiffs lot 61 and 1,500 smudge pots located thereon; that the deed and bill of sale were delivered and that in the same escrow defendants were acquiring the real and personal property described from one Jonas for the same price; that cross-complainants never counted the pots but believed that there were 1,500; that plaintiffs had an opportunity to count them; that if there was a lesser number than that set forth in the bill of sale it was a mutual mistake of the parties; that prior to the closing of the escrow defendants received a bill of sale of the pots located on the premises from Jonas and that bill of sale designated the number as 600; that defendants understood there were 1,500 pots on the premises; that plaintiffs and also defendants discovered the error and later defendants offered to do "what was right" and provide as many as were *necessary* to care for the grove; that plaintiffs agreed that it would be satisfactory to close the escrow on that basis; that plaintiffs have violated their agreement to waive the shortage by commencing this action and asking $5,000 in damages; that defendants believed plaintiffs would compromise their agreement on reasonable terms based on their requirements of smudge pots during the cold season "just now closing." Cross-defendants then prayed for rescission of the entire agreement and deed to the real property and that the court determine the terms and amount defendants should restore to plaintiffs by reason of the rescission.

Cross-defendants answered, admitted due execution of the agreement to sell the real and personal property and the bill of sale of 1,500 smudge pots, but denied any knowledge of the Jonas transaction. They denied any subsequent arrangements with defendants about a reduction in the number of smudge pots and the time when they were to be supplied. They admitted receiving a written notice of rescission. They prayed that the cross-complainants take nothing by their cross-complaint and that "*the same be dismissed.*"

The judgment recites that the court heard the testimony and examined the proofs offered by the respective parties and that they waived findings of fact. The judgment ordered that plaintiffs have judgment against defendants in the sum of $1,130, being for 906 smudge pots, and that defendants be .

credited on said judgment in the sum of $274 for fertilizer furnished to plaintiffs. No mention is made of the cross-complaint in the judgment. Defendants and cross-complainants appeal from "a part of the judgment . . . insofar as it involves any issue involved in their cross-complaint (if said judgment does involve the same, which they do not admit) and insofar as it omits adjudicating the issues of their cross-complaint. No appeal is taken from that part of the judgment awarding damages to plaintiffs insofar as it involves plaintiffs' claim sued upon in the complaint." The appeal comes to this court based upon the clerk's transcript alone.

It is now argued by defendants that it was reversible error for the trial court to fail to adjudicate the issue presented by the cross-complaint; that the judgment should be reversed and remanded to the trial court because the issues presented by the pleadings have not been disposed of, citing *Dieterle* v. *Bekin*, 143 Cal. 683 [77 P. 664]. That was a case in which findings were *not waived* and the trial court omitted to find upon a "material issue" and there was "evidence relative thereto." It was held that a judgment for defendant must be reversed, with directions to make a finding upon that issue; that "The trial of a cause is not completed until the court has made its finding upon all the material issues"; and that "If there is no evidence upon an issue, the finding must be against the party on whom was the burden of proof," citing *Leviston* v. *Ryan*, 75 Cal. 293 [17 P. 239].

Factually, the two cases are dissimilar. In the instant case the judgment does not recite that evidence was taken on the issues attempted to be presented by the cross-complaint. Furthermore, findings on all issues, whether established or not, were specifically waived by the parties. No objections were made in the trial court to the judgment as entered and no motion for new trial or to correct or modify the judgment as signed and entered was made. ▮ The requirement is that a finding be made as to a material issue, and applies "when there was evidence relative thereto." This court will not reverse a judgment for want of a finding on an issue when the record fails to reveal any evidence tending to establish such affirmative defense. (*Wise* v. *Burton*, 73 Cal. 174, 175 [14 P. 683] ; *Hubbard* v. *San Diego Electric Ry. Co.*, 201 Cal. 53, 56 [255 P. 508].) ▮ When an appeal is to be determined upon the judgment roll alone, all intendments will be made

in support of the judgment and all proceedings necessary to its validity will be presumed to have been regularly taken. (*Bowers* v. *Union Trust Co.*, 117 Cal.App. 259 [3 P.2d 614].)

■ We therefore are required to assume, in the absence of a reporter's transcript or other proper record of the testimony, that failure of the trial court to find facts favorable to defendants' contention was due to the fact that no evidence was produced which would justify such finding. (*Ouzoonian* v. *Vaughan*, 194 Cal. 139, 145 [228 P. 8]; *Bowers* v. *Union Trust Co.*, *supra*, p. 264.)

In *Calkins* v. *Berliner*, 26 Cal.App. 601, 603 [147 P. 985], defendant filed a counterclaim and the court omitted finding upon and also *ignored in the judgment* the issue thus presented by the counterclaim. The court said, at page 603:

"As the evidence is not presented on this appeal, we should assume in favor of the judgment that the defendants offered no evidence concerning this counterclaim, and the omission of the court to find upon the issue thus raised by defendants' pleading is not a sufficient ground for reversal of the judgment." (Citing *Roberts* v. *Hall*, 147 Cal. 434 [82 P. 66].)

■ From the pleadings, it affirmatively appears that nearly all of the allegations of defendants' cross-complaint are set up in their answer as affirmative defenses to plaintiffs' cause of action. We must presume, on this appeal, that all those issues were decided adversely to defendants. We might even presume, in support of the judgment, that the cross-complaint was dismissed either by the defendants or by the court, prior to judgment. The fact that the trial court rendered a judgment for damages to plaintiffs for defendants' breach of the contract would preclude a finding and judgment that the cross-complainants were entitled to a rescission of the entire contract. ■ Any error of the trial court in failing to render judgment on the cross-complaint would not be prejudicial to cross-complainants since a reversal of the judgment for the purpose of a retrial on those issues would, no doubt, result in a judgment adverse to them. It would not be proper for us to reverse this judgment on grounds raised for the first time on appeal which, if urged before the trial court, might have resulted in the admission of evidence and the making of findings which would have obviated a reversal. (*S. H. West & Co.* v. *Wagner*, 117 Cal.App. 523, 525 [4 P.2d 276].)

A statement in *Greiss* v. *State Investment & Ins. Co.,* 98 Cal. 241 [33 P. 195], seems to be apropos to the facts here presented. It is there stated:

"It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated."

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied January 30, 1947.