[Civ. No. 21477.   Second Dist., Div. One.   May 29, 1956.]

JOHN G. OPPENHEIMER, Appellant, v. UNION PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

E. E. Bennett, Edward C. Renwick, Malcolm Davis, Jack W. Crumley and Donald M. Ladd, Jr., for Respondent.

FOURT, J.—This is an appeal by the plaintiff from a judgment in his favor, in an action for damages for assault and battery.

In his original complaint plaintiff alleged that defendant, by and through its agents, servants and employees, acting in the course and scope of their employment wilfully, unlawfully, forcibly and violently, beat, struck and assaulted plaintiff about his head and face with a deadly weapon.   At the time of the incident plaintiff was an employee of defendant. However, there was no such allegation in the complaint.   The trial of the action resulted in a judgment for defendant.

Thereafter, plaintiff filed a notice of intention to move for a new trial. His motion was denied, but the court made an order setting aside the findings and judgment and reopened the cause for further proceedings. The court then granted plaintiff permission to file an amended complaint to conform to the proof and state a cause of action under the Federal Employers Liability Act.

Plaintiff then filed what was titled "Amendment to Complaint to Conform to Proof," and in the body of the instrument set forth that it was a second, separate and distinct cause of action against defendant. In this document plaintiff alleged that defendant was a common carrier engaged in interstate commerce; that plaintiff was a yard clerk employed by defendant to check numbers on freight cars used in interstate commerce; that Grant Fraley and others employed by defendant were engaged in switching operations of defendant's railroad cars; that defendant negligently failed to provide plaintiff with a safe place to work and to properly protect the health and safety of the plaintiff while on duty in that Fraley, while acting within the course and scope of his employment in interstate commerce, commenced an argument with plaintiff about the mode and method of performing railroad work of clerks and switchmen and thereupon wantonly and with disregard for the health of the plaintiff, struck plaintiff with a railroad lantern about the face and inflicted wounds to the plaintiff's damage in the sum of $7,000; that defendant assumed all medical expenses except for an incidental travel allowance.

An answer to the amendment to the complaint was filed wherein defendant denied that plaintiff had been struck by any employee of the defendant in the course and scope of employment, and further, affirmatively set up that plaintiff was guilty of contributory negligence in arguing and getting into the fight in the first place.

The court then ordered the case reopened for the limited purpose of permitting the parties to produce additional evidence which they might desire to introduce bearing upon the issues established by the amendment to the complaint and answer thereto, and for further argument. When the cause came on for further hearing no further testimony was taken and the case was argued and judgment ordered for the plaintiff in the sum of $500.

Findings of fact and conclusions of law and judgment were prepared by plaintiff and were signed and filed. Judgment

was entered and satisfied by payment to the appellant and a satisfaction of the judgment was filed. About a month later plaintiff commenced proceedings to have the judgment vacated on the grounds that no findings were made on the so-called first cause of action and, therefore, the judgment as to the second cause of action was void. Plaintiff's motion to vacate the judgment was denied.

Plaintiff has appealed from the judgment "insofar as it denies and fails to adjudicate any relief to plaintiff on his first cause of action herein, and fails to make findings thereon, and from the order denying plaintiff's motion to vacate said judgment and to make findings on the said first cause of action, . . ."

Plaintiff contends that the court has failed to make findings on material issues and that therefore the judgment is void. The appeal, however, is based upon the judgment roll alone and it is the rule that the omission of the court to make findings upon such issues is not a ground for reversal where the appeal is based upon the judgment roll alone. (*Lincoln* v. *Averill*, 47 Cal.App.2d 335, 341 [117 P.2d 913].) In order to warrant the reversal of a judgment for failure to find on an issue it must be shown by the record on appeal that evidence sufficient to sustain a finding for the complaining party was introduced. (*Brown* v. *Republic Productions, Inc.*, 26 Cal.2d 867, 870 [161 P.2d 796]; *Rhodes* v. *Newby*, 77 Cal.App.2d 580, 584 [175 P.2d 893].)

As stated in *Rhodes* v. *Newby, supra,* at page 584: "We therefore are required to assume, in the absence of a reporter's transcript or other proper record of the testimony, that failure of the trial court to find facts favorable to defendants' contention was due to the fact that no evidence was produced which would justify such findings. (*Ouzoonian* v. *Vaughan,* 194 Cal. 139, 145 [228 P. 8]; *Bowers* v. *Union Trust Co., supra* [117 Cal.App. 259 (3 P.2d 614)], p. 264.)

"In *Calkins* v. *Berliner,* 26 Cal.App. 601, 603 [147 P. 985], defendant filed a counterclaim and the court omitted finding upon and also *ignored in the judgment* the issue thus presented by the counterclaim. The court said, at page 603:

"'As the evidence is not presented on this appeal, we should assume in favor of the judgment that the defendants offered no evidence concerning this counterclaim, and the omission of the court to find upon the issue thus raised by defendants' pleading is not a sufficient ground for reversal

of the judgment.' (Citing *Roberts* v. *Hall*, 147 Cal. 434 [82 P. 66].)''

If the evidence is not set forth in the record an appellate court will not consider an objection that the court below failed to make a finding upon a material issue, and '' '. . . [E]ven though the omitted issue would have affected the judgment rendered, the failure to find thereon is not ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue, for upon appeal from the judgment-roll alone the appellate court will not presume there was evidence as to an issue upon which there is no finding where the other findings are sufficient to support the judgment.' '' (*Cavagnaro* v. *Delmas*, 29 Cal.App.2d 352, 356 [84 P.2d 274].)

The judgment is affirmed. The purported appeal from the order denying plaintiff's motion to vacate the judgment, such order being nonappealable, is dismissed.

White, P. J., and Nourse (Paul), J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1956.

---

*Assigned by Chairman of Judicial Council.