[Civ. No. 3059.    Third Appellate District.—February 27, 1926.]

## ELENORE E. HOEFT, Appellant, v. A. M. HOTCHKISS, Respondent.

[1] ACCOUNTING—REPORT OF REFEREE—NOTICE—JUDGMENT—MOTION TO VACATE—INSUFFICIENT AFFIDAVITS.—In an action for an accounting, where the affidavits in support of plaintiff's motion to set aside a judgment and decree and the referee's report, on the ground that neither she nor her attorney were notified of the hearing before the referee, do not state that she côuld have produced any evidence which was not introduced at the hearing before the referee and considered by him, or that any finding made by him or by the court is erroneous, and it does not appear but that she and her attorney were fully informed of the filing of the referee's report and of its contents in ample time to have raised her objections prior to the entry of judgment, the motion is properly denied.

[2] ID.—OBJECTIONS TO REPORT—REMEDY.—In such action for accounting, plaintiff's objection to the adoption of the referee's report and findings should have been made prior to the entry of judgment thereon.

(1) 34 Cyc., p. 877, n. 81 New.    (2) 34 Cyc., p. 877, n. 69.

APPEAL from an order of the Superior Court of Nevada County, denying a motion to set aside a judgment. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. W. Kitts for Appellant.

W. E. Wright for Respondent.

FINCH, P. J.—This is an appeal from the order of the trial court herein "denying plaintiff's motion to set aside the judgment and decree and the referee's report." The record consists of the final decree in the action and the motion to vacate, together with affidavits introduced at the hearing of the motion and the order denying the same. It appears that an "interlocutory judgment and decree" was

2.  See 22 Cal. Jur. 703.

entered and F. R. Hull appointed to take an account; that he took such account and reported his findings to the court; and that thereafter the court ''recast and restated'' the account in many particulars and entered judgment upon the findings as so corrected.

[1] Appellant contends that the motion should have been granted on the ground that she had no notice of the hearing before the referee. She introduced affidavits stating that neither she nor her attorney were notified of such hearing. She resided in Nevada City at the time of the hearing and her attorney had his office in San Francisco. The referee made affidavit that he duly mailed notices of the hearing to the plaintiff and to her attorney six days before the time set for such hearing. Regardless of other questions, the motion was properly denied on two grounds. First, it is not stated in plaintiff's affidavits that she could have produced any evidence which was not introduced at the hearing before the referee and considered by him or that any finding made by the referee or by the court is erroneous. Second, it does not appear but that plaintiff and her attorney were fully informed of the filing of the referee's report and of its contents in ample time to have raised the objections which are now made prior to the entry of judgment. [2] She should have made objection at that time to the adoption by the court of the referee's report. (*Doudell* v. *Shoo,* 20 Cal. App. 424 [129 Pac. 478].)

The order is affirmed.

Pullen, J., *pro tem.,* and Plummer, J., concurred.