[Civ. No. 5776. Second Appellate District, Division One.—August 25, 1930.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. J. M. MOYER et al., Appellants.

Winslow P. Hyatt for Appellants.

Erwin P. Werner and Jess E. Stephens, City Attorneys, and Leslie K. Floyd and Robert J. Stahl, Deputies City Attorney, for Respondent.

YORK, J.—Condemnation proceedings by the City of Los Angeles against J. M. Moyer (now Mrs. J. M. York) and Charles Lantz. This is an appeal from an order taxing costs and reducing the amounts claimed by defendants in their memorandum of costs and disbursements, and involved two propositions:

(1) The sufficiency of the notice of motion to tax costs.

(2) The sufficiency of the evidence to sustain the findings of the trial court.

We believe the notice of motion to tax costs was sufficient to put at issue each material fact relating to the allowance of the costs demanded.

The appellants contend that the court erred in admitting evidence that the sums claimed were not necessarily incurred in the action. This is really immaterial to this appeal, because of the fact that the trial court decided in favor of the appellants, holding that the appellants were entitled to a reasonable attorney's fee. This leaves as appropriate to consider on this appeal one question: Whether or not the amounts allowed, are reasonable.

Appellants have no proper ground of objection. This is so because they were allowed not only the amount of $100

as attorney's fees fixed by the court, but also amounts of $5 as expert witness fee to one W. M. Mauck, the cost bill claiming $14, and $25 as expert witness fee to T. Allen Box, Jr., where the cost bill claimed $75, and because, so far as appears, the amounts allowed are reasonable.

Respondent suggests that the bill of exceptions does not purport to contain all of the evidence used on the hearing in the court below. This was not necessary, but there should have been a statement showing that the bill contained all of the evidence pertaining to those questions of fact in relation to which appellants proposed to contend that the order is not sustained by the evidence. But there is no recital or statement that the bill contains all of the evidence received concerning either all of the issues of fact, or any part of them. This being so, we are not able to say that the evidence is insufficient to support the implied findings of the court below. All intendments are in favor of the order. (*Siebe* v. *Joshua Hendy Machine Works*, 86 Cal. 390 [25 Pac. 14]; *Wetherbee* v. *Carroll*, 33 Cal. 549, 557; *Eddie* v. *Schumacher etc. Co.*, 79 Cal. App. 318, 321 [249 Pac. 235].) Under the holdings in the cases just cited, we cannot consider that the court committed any error in making this order, as we cannot review the evidence.

It appears, with reference to the claim for attorney's fees, that the judgment should be sustained for the further reason that appellants were allowed the sum of $100 for attorney's fees, whereas the court would have been justified in refusing to allow anything at all for that purpose. Mr. Hyatt, the attorney, admitted that the fee would belong to the firm of Lantz & Hyatt. This being so, there was no liability on the plaintiff to pay the fee. (*City of Long Beach* v. *Sten*, 206 Cal. 473 [274 Pac. 968].) However, since there is no appeal by plaintiff, the order cannot be reversed to correct that error.

The order is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 7, 1930, and a petition by appellants to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 23, 1930.