[L. A. No. 15491.   In Bank.—October 16, 1936.]

THOMAS A. HUGHES, Appellant, v. MARY C. DE-MUND, Respondent.

Thomas A. Hughes, *in pro. per.*, for Appellant.

A. I. McCormick and Louis B. Stanton for Respondent.

THE COURT.—On October 5, 1936, respondent's motion to affirm the judgment herein appealed from was granted from the bench. In making our order we were of the opinion, as urged in the motion, that the appeal lacked substantiality. The action is one in equity for dissolution of partnership and for an accounting. Various phases of the litigation have been before us on prior occasions.

The judgment presently appealed from decrees, in accordance with the findings, that several of the parcels of real property, alleged by plaintiff and appellant to have been partnership property, represent the sole and exclusive property of the defendant and respondent, whose title thereto was thereupon quieted. It was also found and decreed that certain other parcels were owned by the parties as tenants in common and not as partners. In addition, the court below foreclosed certain mortgages executed by the appellant in favor of the respondent and ordered sold appellant's interest in the properties held as tenants in common to pay to the respondent the indebtedness secured by the mortgages.

In support of his appeal, the appellant, who appears *in propria persona,* urges seven grounds for a reversal of the judgment. Our examination of the same, together with a reading of the record, fails to disclose anything requiring a reversal. Any issues of fact involved in the several assignments of error must necessarily be resolved against the appellant for the bill of exceptions does not purport to

contain all of the evidence and, under settled principles, it will be presumed that the omitted evidence supports the findings.

Contrary to appellant's contentions, we are of the opinion that the court below acted well within its jurisdiction and the issues of the case in foreclosing the mortgages mentioned above and in decreeing a sale of appellant's interest in the properties held as tenants in common to pay off and discharge the same.

Other points urged by the appellant are likewise without merit.

In accordance with our order heretofore made, the judgment is affirmed.

Rehearing denied.