[Civ. No. 5938.   Third Appellate District.—November 21, 1938.]

HENRY CAVAGNARO et al., Respondents, v. D. P. DEL-MAS et al., Appellants.

LORENA M. HOFFMAN, Appellant, v. HENRY CAVAGNARO et al., Respondents.

Theodore J. Savage for Appellants.

Norman Elkington, as *Amicus Curiae,* on Behalf of Appellants.

Geary & Geary, C. J. Tauzer, Wallace W. Everett and W. H. Early for Respondents.

THOMPSON, J.—Two separate causes of action for personal injuries received by different individuals in the same automobile casualty were consolidated for trial. One of the suits was instituted by Lorena M. Hoffman who was riding as a guest in a Chrysler machine driven by D. P. Delmas. The other action was brought by Henry Cavagnaro and his wife, Vera, against the owners and the driver of the Delmas car. The last-mentioned complaint was couched in two counts in which both Mr. and Mrs. Cavagnaro sought to recover special and general damages for injuries sustained by them. The defendants in each case filed answers and cross-complaints. The consolidated cases were tried by the court sitting without a jury. Findings were adopted favorable to Mr. and Mrs. Cavagnaro to the effect that Vera had sustained special damages as a result of the accident in the sum of $412.29 on account of loss of wages for a period of eighty-one days at an agreed compensation of $5.09 per day. The court failed to adopt findings with respect to other special

damages claimed by these respondents. A joint judgment for the aggregate sum of $3,023.89 was accordingly rendered in favor of Mr. and Mrs. Cavagnaro. It was held that all other parties to the consolidated suits take nothing by their respective actions. The cause is presented to this court on the judgment roll only. The evidence which was adduced at the trial is not before this court. From that judgment Leonard P. Delmas, D. P. Delmas and Lorena M. Hoffman have appealed.

It is contended the judgment is not supported by the findings for the reason that the court failed to adopt specific findings with respect to special damages sought to be recovered, and that the court was without authority to render a joint judgment for a gross amount of damages to compensate for the injuries sustained by two different plaintiffs in the same suit for the reason that it cannot be determined what amount of damages was recovered by the respective parties.

There is no merit in the contention that the court was without authority to render a joint judgment for a gross sum as damages for personal injuries sustained by a husband and wife in the same automobile accident where they are joined in the action as plaintiffs. There is nothing in the language of section 378 of the Code of Civil Procedure which precludes such a joint judgment for a gross sum as damages for injuries sustained by a husband and wife in the same transaction. That section merely provides that all persons may be joined as plaintiffs in an action in which they have an interest or when their rights grow out of the same transaction, and that ''judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief''. The different causes of action of the husband and wife were properly united in their complaint. (Sec. 427, Code Civ. Proc.) It is true that since the amendment to section 370 of the Code of Civil Procedure in 1913, a married woman may sue for damages for personal injuries sustained by herself without joining in that action her husband. The damages for personal injuries sustained during coverture by either a husband or wife are community property. (Sec. 687, Civ. Code; 5 Cal. Jur. 306, sec. 20; *Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654 [77 Pac. 659].) In 13 California Jurisprudence, page 894, section 81, it is said:

"In a joint action by husband and wife for injuries to the latter, verdict may be rendered in favor of the plaintiffs, *and judgment may be given in favor of both jointly.*"

The appellants in the present case are not prejudiced by the rendering of a joint judgment for a gross sum as damages for personal injuries sustained by both the husband and wife. That judgment would become *res judicata* in a subsequent suit by either of them for special or general damages to them growing out of that automobile accident. It may not be said the appellants were thereby deprived of the right to point out in a motion for new trial any error which may have occurred in the amount of special or general damages which were allowed to either spouse. No motion for a new trial was made in this case.

The findings adequately support the judgment which was rendered in this action. The court adopted findings to the effect that the injuries which were sustained by Mr. and Mrs. Cavagnaro were the proximate result of the negligence of Leonard P. and D. P. Delmas, and that the respondents were not guilty of contributory negligence. The court, in effect, then found that Vera Cavagnaro suffered special damages in the sum of $412.29 for loss of wages sustained on account of the injuries which she received, being the loss of eighty-one days' employment at $5.09 per day. Judgment was rendered for the sum of $3,023.89, which we must assume in support of the validity of the judgment represents the general damages which the court found that the respondents suffered, less the amount of special damages sustained by Vera Cavagnaro in the sum of $412.29. Each respondent sued for general damages in excess of the aggregate amount of the judgment. It is true that the court failed to adopt findings with respect to other special damages alleged to have been suffered by the respondents. Since the court affirmatively determined that the one item of special damages was actually sustained, in support of the judgment we must assume that it intended to find against the respondents on the other items of alleged special damages. At least the appellants may not complain that the other alleged special damages were not allowed. It does not appear that findings favorable to the appellants on the other issues regarding

special damages would alter the general gross amount of the judgment which was rendered.

In support of the judgment, since the evidence which was adduced at the trial is not before this court, we must assume there was no evidence to support findings on the other issues with respect to alleged special damages sustained by the respondents, and that if the court had adopted findings on those issues, they would have been adverse to the appellants.

If the evidence is not set forth in the record an appellate court will not consider an objection that the court below failed to make a finding upon a material issue. (*Delanoy* v. *Delanoy*, 216 Cal. 23 [13 Pac. (2d) 513]; 2 Cal. Jur., p. 525, sec. 262, p. 689, sec. 395; *Eva* v. *Symons*, 145 Cal. 202 [78 Pac. 648]; 8 Standard Ency. of Proc., p. 1047.) In the authority last cited it is said:

"Even though the omitted issue would have affected the judgment rendered, the failure to find thereon is not ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue, for upon appeal from the judgment-roll alone the appellate court will not presume there was evidence as to an issue upon which there is no finding where the other findings are sufficient to support the judgment."

It is true that respondent's brief on appeal contains a purported copy of an opinion rendered by the judge of the trial court containing several items of special damages which the court indicated that the respondents had sustained. The opinion of the lower court is not a part of the record on appeal, and it may therefore not be considered for any purpose whatever, even when it is incorporated in the bill of exceptions. (*Goldner* v. *Spencer*, 163 Cal. 317 [125 Pac. 347]; *DeCou* v. *Howell*, 190 Cal. 741 [214 Pac. 444]; 2 Cal. Jur., p. 488, sec. 235, and p. 688, sec. 394.) Moreover, the opinion itemized general and special damages which the court proposed to allow in this case aggregating the exact total sum of $3,023.89 for which judgment was rendered. If the opinion could be considered for any purpose whatever, it appears therefrom that the appellants were not prejudiced by the

failure of the court to adopt specific findings on some of the issues regarding alleged special damages.

The judgment is affirmed.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939.