[L. A. No. 16425.   In Bank.—September 18, 1939.]

BERTHA LOEWENBERG, Appellant, v. EDWARD J. SCHNEIDER et al., Respondents.

Anthony C. Kolda and Elon Gilbert Galusha for Appellant.

Taylor, Kolliner and Bolton & Schwartz for Respondents.

THE COURT.—In this cause respondents move to dismiss the appeal or affirm the judgment upon the ground that no substantial question is presented for decision. The point is well taken.

By her amended complaint plaintiff sought to impress a trust upon certain real property in Los Angeles, to secure an accounting of rents, issues, and profits, and to recover damages for waste. Defendants answered, and also filed a cross-complaint. Trial of the cause resulted in judgment for defendant in the sum of $3,296.39. Plaintiff appealed.

It appears that plaintiff owned real property in Los Angeles which she had encumbered with a $12,000 first mortgage to California Bank, and a $6,000 deed of trust to defendants. She was in default upon payments due on both debts. Defendant Edward J. Schneider acquired the first mortgage, and also caused his deed of trust to be foreclosed. He then purchased the property at the foreclosure sale for $8,500. At the time there was due him from plaintiff the sum of $10,350.59, or a balance of $1850.59 after allowing credit for the purchase price. On trial of the present cause plaintiff endeavored to show that said defendant had occupied a relation of trust toward her; that he had induced her not to refinance the property by promising her that if she would permit him to acquire the first mortgage without opposition, and to effect a friendly foreclosure of the trust deed, he would then hold the property in trust for her. Said defendant to the contrary alleged and asserted that he purchased the first mortgage for the amount due thereon in order to protect his second deed of trust; that he occupied no position of intimate friendship or confidence toward plaintiff, and that he made no promises, or false representations to her. By cross-complaint he sought judgment for the balance due him under the trust deed of $1850.59, with rentals, interest, etc., or a total of $3,296.39. The trial court found on all issues in favor of defendant, and entered judgment

awarding him the sum prayed by his cross-complaint. Among other things the court specifically found that it was not true that defendants were intimate friends of plaintiff, or that plaintiff reposed the utmost trust and confidence in defendant Edward J. Schneider, or that she made any agreement with him whereby he became obligated to protect her interest from foreclosure, or that there was any trust relationship between them.

On appeal it is contended that these findings are erroneous. In fact, the question of the sufficiency of the evidence is the only major contention urged in appellant's opening brief, and it is argued under various headings. The remaining questions listed relate to issues not raised by the pleadings, or other immaterial matters which do not merit discussion.

As to the main contention of insufficiency of the evidence, an inspection of the record shows that consideration of the point is precluded by deficiencies in the form of the bill of exceptions. That document contains only five and one-half typewritten pages of excerpts from testimony given on the trial. It neither purports to set forth the evidence in full, nor does it contain any statement that it sets forth all evidence pertaining to those questions of fact on which the findings are allegedly without support. With such a showing, it cannot be held that the evidence was insufficient. All intendments favor the correctness of the findings. (*City of Los Angeles* v. *Moyer,* 108 Cal. App. 4, 6 [290 Pac. 1073].) Moreover, the bill of exceptions also fails to specify the particulars in which the evidence is alleged to be insufficient. As stated in *Schultz* v. *City of Venice,* 200 Cal. 50, 54 [251 Pac. 913] : "Such specifications are expressly required by the provisions of section 648 of the Code of Civil Procedure relating to bills of exceptions, and it has been uniformly held that such provisions are mandatory and that in their absence the question of the sufficiency of the evidence to sustain the findings of the trial court cannot be considered by this court upon appeal from the judgment. (*Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292] ; *Mills* v. *Brady,* 185 Cal. 317 [196 Pac. 776], and cases cited.)" See, also, *Newbury* v. *Lineberger,* 45 Cal. App. 556 [188 Pac. 72] ; *Carter* v. *Canty,* 181 Cal. 749 [186 Pac. 346].

The judgment is affirmed.