[Civ. No. 13705.   Second Dist., Div. Two.   Oct. 8, 1942.]

JO FARES, Appellant, v. CATHERINE C. MORRISON, Respondent.

J. M. Sinclair for Appellant.

John F. Bender and Robert E. Rosskopf for Respondent.

GOULD, J. pro tem.—This is an action to quiet title to an undivided interest in a parcel of real property and to set aside a deed thereof, allegedly given in fraud of creditors.

In the year 1937 Catherine C. Morrison and her husband, Robert V. Morrison, were the owners of the property in question as joint tenants. Robert V. Morrison was operating a grocery store and was heavily in debt, his creditors including his wife's father, L. A. Cowper, to whom he owed $460.03, and W. M. Jenkins, with a claim in excess of $1,000. About May, 1937, Morrison signed a memorandum agreeing to "turn over" his interest in the real property to his wife for value received from L. A. Cowper, and it was testified that the consideration of the transfer was to be the cancellation of the existing indebtedness to Cowper, as well as a debt of unspecified amount owing by Morrison to his wife. A deed dated October 29, 1937, was prepared by Cowper, who handed it to defendant with instructions to her to get her husband to sign it. The testimony before the trial court was that defendant did not leave the Cowper home and her husband did not come there that day. The deed, however, bore an acknowledgment of a notary public under his seal and certificate that it was subscribed and sworn to before him October 29, 1937. Cowper next saw the deed November 10, 1937, at which time it was fully executed. This deed was not recorded until after the levy of the attachment hereinafter referred to.

Meanwhile, on November 1, Jenkins filed action upon his claim, levied an attachment on the real property here involved November 2, recovered judgment November 25, 1938, levied execution against the interest of Morrison in said property December 1, 1938, and on January 10, 1939, at execution sale, plaintiff bid in the property, thereafter receiving a deed therefor from the marshal of the Municipal Court of the City of Los Angeles after the period for redemption had expired. This action to quiet his title and to set aside a fraudulent

conveyance followed, and defendant Catherine C. Morrison in her answer asked affirmatively that her title be quieted against plaintiff's claim.

Defendant prevailed and plaintiff appeals.

It is urged that there was insufficient evidence to sustain the court's finding that the deed from Morrison to his wife was executed and delivered prior to the levy of attachment. It is true that the record before us shows that the deed was written October 29, that it was given by Cowper to Mrs. Morrison to present to her husband for his signature, and that he did not come to the house that day, nor did she leave the house. However, this does not negative the fact that the deed may have been transmitted to the husband by other means. And appellant is confronted by the state of the record brought up to this court, which, in an engrossed bill of exceptions, purports to correctly set forth "certain proceedings had during the trial of said cause." We are therefore precluded from considering any objection as to insufficiency of the evidence. Inasmuch as the bill of exceptions neither sets forth the evidence in full, nor all the evidence with respect to the findings, concerning which it is claimed there is insufficient support in the evidence, this court, under the rule that all intendments favor the correctness of the findings, cannot hold that the evidence was insufficient. (*Loewenberg* v. *Schneider*, 14 Cal. (2d) 305 [93 P. (2d) 1014]; *City of Los Angeles* v. *Moyer*, 108 Cal. App. 4 [290 Pac. 1073].) Even if the record here presented does not show sufficient evidentiary support for the findings, there may have been, and we must assume that there was, other evidence produced at the trial and considered by the court qualitatively and quantitatively sufficient to justify its findings and conclusions. This single consideration disposes of appellant's specifications of alleged error that there was insufficient evidence to support the findings that the deed to Catherine C. Morrison was delivered prior to November 2, 1937, the date of the attachment, that the deed was accepted by her before that date and that Cowper canceled the Morrison indebtedness before the attachment was levied.

But in addition to the foregoing, respondent's position is fortified by certain factors which appear from a study of the facts developed at the trial. The acknowledgment of the deed and certification thereof by the notary public constituted prima facie evidence of the execution thereof and en-

titled it to be read into the record without further proof (§§ 1948, 1951, Code Civ. Proc.) ; and it cannot be said as a matter of law, under the record presented to us, that the presumption raised by due execution has been overcome.

The consideration for the deed, although the cancellation of an antecedent obligation of the grantor to one other than the grantee, was sufficient (26 C. J. S. 191, § 17), and the debtor's transfer of property to one creditor in preference to another was not of itself fraudulent, being at most an act which might be voided by bankruptcy or other appropriate proceedings. All argument against such transfer, moreover, must be predicated upon the assumption that the grantor was insolvent at the time of making such transfer, and in the instant case we are confronted with the court's finding that Morrison was not insolvent when he deeded his interest in the property to his wife, and such finding may not be attacked in the present state of the record herein.

As to the fact that the deed was unrecorded at the time the attachment was levied against Morrison's interest in the property, it has been repeatedly held that an unrecorded deed passes title against a subsequent attachment, even though the attachment be procured, as in this instance, by a creditor of the grantor. (*Commercial National Bank* v. *Roberts*, 49 Cal. App. 764, 769 [194 Pac. 751], and cases there cited.)

Where fraud is alleged, as by appellant here, he assumes the burden of establishing his charge, and the presumptions of honesty and fair dealing must be overcome by evidence of convincing force. (*Hedden* v. *Waldeck*, 9 Cal. (2d) 631 [72 P. (2d) 114].) Conceding the utmost to appellant's arguments and disregarding for the moment the inadequate state of the record herein, there is disclosed nothing more than a conflict in the evidence offered before the trial court, and the court resolved that conflict against appellant. With the conclusions of the trial court as to the weight to be given to conflicting evidence this court will not interfere.

Judgment affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.