[Civ. No. 12405. First Dist., Div. One. June 10, 1943.]

NONNE KLEIN, Respondent, v. MARY DUVAL MADDOX et al., Appellants.

Girard N. Richardson for Appellants.

Chris B. Fox, Robert R. York and Ernest J. Livengood for Respondent.

PETERS, P. J.—Plaintiff brought this action for partition of a parcel of real property in Mariposa County. The trial court made an order confirming the report of a referee that physical partition could not be had without injury to the interests of the parties, and directing the referee to proceed with a sale of the property. From that order defendants appeal. It is the position of defendants that the evidence is insufficient to support the finding that there cannot be a physical partition without prejudice to the parties, and that the order is insufficient because it fails to include a finding on an issue to which reference will hereafter be made. There is no merit in either contention.

Plaintiff owns a three-fourth undivided interest in the property. The defendants own designated portions of the remaining one-quarter. The property now contains 2.94 acres.

Plaintiff has admittedly been in sole, exclusive and undisputed possession since 1926. Starting in that year plaintiff, at her own cost and expense, improved the property by erecting thereon a main store building, cabins, garage, gas station, pumping plant and wells. Defendants at no time prior to this suit demanded an accounting, requested possession, or disputed plaintiff's right to proceed. They have contributed nothing towards the cost of the improvements. These facts all are admitted.

The complaint of plaintiff and the cross-complaint of defendants both prayed for a physical partition, or, in the alternative, requested a sale if it should be found that physical partition could not be had without material injury to the rights of the parties.

In their answer and cross-complaint defendants prayed that an accounting be had to determine the market value of the improvements and to ascertain the amount of the rents, issues and profits derived from the property. It was the then position of defendants that they had the right, if they elected, to contribute to the cost of the improvements and thereby secure a right to participate in the profits. They desired an accounting to determine if it would be to their advantage to share in the costs and profits. The first hearing was had on February 25, 1941, and at that time some evidence was taken and the question as to defendants' right to an accounting was fully argued before the trial court. The reporter's transcript filed on this appeal contains only the proceedings had on that date. On February 26, 1941, the court made its order that, under the circumstances, plaintiff was not required to account. No objection is made to this preliminary ruling.

On March 14, 1941, the court made an interlocutory decree in partition. The decree determined the respective interests of the parties, embodied the provisions of the order of February 26, 1941, and appointed a referee, who was directed to take testimony and report on three questions—whether physical partition was practicable, the value of the land without the improvements, and the value of the improvements exclusive of the value of the land. The decree recites that it was stipulated in open court that a single referee might be appointed to report on these three questions. The referee filed his report on May 14, 1941. He reported that "The improvements . . . are located on the property in such a manner that the common property cannot be physically sub-

divided in such a manner that the 15/20th portion allotted to plaintiff will include the improvements placed upon said property by her, without interfering with the portion allotted to defendants in accordance with their respective interests as set forth in the interlocutory decree, therefore a partition could not be made in my opinion and do justice to the respective owners." He also found that the value of the property, exclusive of the improvements, was $2,000, and that the improvements, exclusive of the property, were worth $20,000. Plaintiff thereupon moved for an order confirming the referee's report and for an order directing the referee to sell. No objections were filed by defendants. The trial court, by order filed December 12, 1941, confirmed the report and directed the referee to sell. It is from this order that this appeal is taken.

There can be no valid objection to the scope of the referee's powers as set forth in the order of March 14, 1941. The referee was appointed pursuant to stipulation of the parties. Under section 638, subdivision 2, of the Code of Civil Procedure a reference may be ordered in such circumstances "to ascertain a fact necessary to enable the court to determine an action or proceeding." No objection was made to the reference. That precludes an attack on the order on the appeal. (*Garland* v. *Smith,* 131 Cal.App. 517 [21 P.2d 688].)

The contention that the finding of the referee that physical partition is not feasible is unsupported by the evidence cannot be considered in view of the state of the record presented on this appeal. The reporter's transcript contains only the proceedings had on February 25, 1941. The proceedings had before the referee are not included in the record. Nor is there a bill of exceptions or reporter's transcript to show the proceedings had in court on the hearing of the motion to confirm the referee's report. The referee's report is included in the record. No objections were filed to this report. In the absence of objections filed (*Hoeft* v. *Hotchkiss,* 76 Cal.App. 670 [245 P. 458]), or in the absence of a record showing the proceedings before the referee and court (*Rodehaver* v. *Mankel,* 16 Cal.App.2d 597 [61 P.2d 61]; *First Nat. Bank* v. *Stansbury,* 118 Cal.App. 80 [5 P.2d 13]; *Brodie* v. *Barnes,* 56 Cal.App.2d 315 [132 P.2d 595]), defendants are precluded from urging insufficiency of the evidence to support the conclusions of the referee and court.

■ Defendants complain that the referee did not obtain a formal survey of the premises as provided in the court's order of March 14, 1941, directing the reference. At the hearing of February 25, 1941, the parties and the court were agreed that a survey, which would show the land and the locations of the various buildings, was reasonably necessary, and the order of March 14, 1941, expressly so provided, and required the referee to attach such survey to his report. The referee's report refers to a "plat attached." This plat is apparently a freehand drawing of the land and improvements, rather than a strict survey, although it may be a tracing from a survey. It is apparently defendants' contention that a referee's report and decision of the court to the effect that physical partition is impracticable must, of necessity, be unsupported unless there has been a survey. It does not appear that the use of the plat was objected to in the proceedings before the referee or the court. It is not contended that the plat is not accurate or that it cannot be ascertained from it that physical partition is not feasible. For all that appears, the parties may have stipulated to use the plat rather than paying for an expensive survey. Defendants, under the authorities above cited, in the absence of a record, cannot now object that a plat instead of a survey was used.

■ The only other point urged by defendants is that the court failed to find on a certain issue which it is contended was vital to the validity of the order appealed from. This point is based on the following theory: It is the law that where one cotenant has improved the property, and a sale is ordered in a partition suit, the cotenant who has constructed the improvements is entitled to an allowance based on the then value of such improvements. (See annotation 1 A.L.R. p. 1189, where the cases are collected.) In the present case the referee was directed to find the value of the improvements exclusive of the land, and the value of the land without the improvements. He found the value of the improvements to be $20,000 and the value of the property to be $2,000, and this report has been confirmed by the court. There can be no doubt that he was directed to find, and did find, present values rather than the original cost of the improvements. Present values admittedly constitute the proper basis for the allowance. Defendants urge that these improvements may have depreciated the value of the real estate with-

out the improvements, and that in the absence of a finding that there was no such depreciation the order appealed from cannot stand. Since there is no showing that evidence of such depreciation was introduced, defendants have made no showing that a finding on that issue, if made, would have been favorable to them. Hence, they are in no position to complain of the absence of such a finding. ▉ Moreover, where the evidence is not set forth in the record, an appellate court will not consider an objection that the trial court failed to find upon an issue, even if the issue be a material one. (*Cavagnaro* v. *Delmas*, 29 Cal.App.2d 352 [84 P.2d 274]; *Delanoy* v. *Delanoy*, 216 Cal. 23 [13 P.2d 513]; see cases collected 2 Cal. Jur. 525, § 262; 24 Cal.Jur. 945, § 189.)

The order appealed from is affirmed.

Knight, J., and Ward, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 5, 1943.