142

[Civ. No. 7114.   Third Dist.   Oct. 3, 1944.]

JOSEPH J. BURNS et al., Appellants, v. EUGENE R. BROWN et al., Respondents.

Thos. Cotter and John L. Childs for Appellant.

W. T. Miller and Paul A. Brunk for Respondent.

ADAMS, P. J.—This is a motion to dismiss an appeal which was taken by plaintiffs above named from a judgment quieting defendants' title to a portion of a mining claim. Notice of appeal was duly filed on February 28, 1944, and on March 7th appellants filed a notice reciting that "pursuant to Rules 6 and 7 of Rules on Appeal For the Supreme Court and District Courts of Appeal . . . appellants desire in lieu of a reporter's transcript to pursue and perfect their appeal upon an agreed or settled statement as provided for in said Rules 6 and 7." Appellants filed their proposed narrative statement April 7, 1944, and after having been granted continuances respondents filed amendments thereto on June 5, 1944. On July 31, 1944, appellants filed objections to respondents' proposed amendments. On the latter date respondents served notice of their motion to dismiss the appeal, and said notice was filed August 7, 1944, the alleged ground therefor being that "no notice to clerk to prepare transcript has been filed, and no transcript is on file herein as required by Rule 5, Subdivision A of Part II of Rules on Appeal." Said notice of motion was accompanied by a certificate of the clerk of the trial court dated September 14, 1944, setting forth the foregoing facts, and also certifying that no order had been made by the lower court extending time for preparation of the record except that additional time had been granted to respondents to file amendments to plaintiffs' proposed narrative statement, that no record had been certified and no notice filed by appellants with the clerk designating papers or records which they desired incorporated in the record on appeal "as provided in Rule 5(a) of the Rules on Appeal," and that the time within which to institute such proceedings or give such notice had expired.

Respondents' motion was noticed for hearing before this court on September 25, 1944, at which time appellants appeared and requested and were granted leave to file a written opposition to respondents' motion to dismiss. Appellants alleged in their opposition that said motion was premature because at all times mentioned there was pending before the trial court the matter of settlement of a narrative statement

on appeal "pursuant to Rule 7b of Rules on Appeal." Said opposition was accompanied by an affidavit of counsel for appellants, and by a copy of the transcript of the register of actions of the trial court. The aforesaid affidavit avers that proceedings for settlement of the statement were participated in by respondents' counsel and that on September 20, 1944, the trial court made and entered its order "settling narrative statements filed pursuant to Rules on Appeal, Rule 7b" and ordered the engrossment thereof; and that within the time allowed by the order of the trial court appellants intend to cause said statements to be engrossed and otherwise regularly to pursue and prosecute said appeal.

Rule 5 of the Rules on Appeal provides that within ten days after filing notice of appeal an appellant shall serve on respondent and file with the clerk of the superior court a notice designating the papers or records on file which he desires incorporated in the record, etc. Proceedings under this rule admittedly were not taken by appellants herein.

Rule 6, however, provides that "An appeal may be presented on a record consisting in whole or in part of an agreed statement"; that "the statement shall show the nature of the controversy; the basis on which it is claimed that the reviewing court has jurisdiction, and how the questions arose in and were decided by the superior court, and should set forth only such facts alleged and proved, or sought to be proved, as are necessary to a determination of the questions on appeal," and that "the statement shall contain a copy of the judgment and a copy of the notice of appeal with its filing date."

Rule 7 provides, in subdivision (a) thereof, that if in lieu of a *reporter's* transcript appellant desires to set forth the *oral* proceedings by a settled statement, he shall serve and file a notice so stating, and within thirty days thereafter shall serve and file a condensed statement in narrative form of all or such portions of the *oral* proceedings as he deems material, and thereafter respondent may propose amendments to such statement. Subdivision (b) of rule 7 provides:

"If, in lieu of both a reporter's and a clerk's transcript, the appellant desires to present his appeal wholly on a settled statement, he shall serve and file a notice so stating within 10 days after filing the notice of appeal. In that event, the settled statement shall contain in addition to a condensed

statement of the oral proceedings: (1) The judgment roll, if any, and if none, the judgment appealed from; (2) the notice of appeal; and (3) the notice to the clerk of election to proceed by a settled statement. The appellant's proposed statement, and the respondent's proposed amendments, may include any other papers or records which either party might have had incorporated in the clerk's transcript, under the provisions of Rule 5.''

The record before us on this motion shows that, while appellants' notice given pursuant to rules 6 and 7 recited that in lieu of a *reporter's* transcript they desired to perfect their appeal upon an agreed or settled statement, in their opposition to the motion to dismiss they allege, and the affidavit of their attorney avers, that the trial court has settled and ordered engrossed its order ''settling narrative statements filed pursuant to Rules on Appeal, Rule 7b.'' This allegation being undenied, and it further appearing that proceedings for settlement of a statement under rule 6 in which all parties were participating were pending at the time respondents' motion to dismiss the appeal was filed and have now been concluded, the question presented is whether the appeal should be dismissed because appellants failed to state in their notice that they desired to present their appeal on a statement in lieu of both a reporter's and a clerk's transcript.

It may be inferred from the language of respondents' motion to dismiss, that they contend that regardless of whether an appellant elects to proceed under rules 6 and 7 there must be a compliance with rule 5. If this is respondents' contention it cannot be sustained, since obviously where an appellant elects to proceed under rules 6 and 7(b), a clerk's transcript prepared in accordance with rule 5 is unnecessary. However, if he proposes to rely upon a settled statement in lieu of both clerk's and reporter's transcripts, his notice should so state. But if, as is alleged to be the case here, though appellants' notice did not state that the clerk's transcript was to be included in the settled statement, the statement finally settled by the court after the filing of a proposed statement by appellants and proposed amendments by respondents, contains all matters in the clerk's records that are necessary for a determination of the appeal, we are not disposed to say that the appeal should be dismissed solely by reason of the failure of appellants to state in their

notice that the proposed statement was to be in lieu of both the reporter's and the clerk's transcript, especially where respondents' motion is based solely on the alleged failure to comply with rule 5.

Rule 53 of the Rules on Appeal provides that these rules are to be liberally construed; and under rule 53(b) the power of an appellate court to relieve a party from default on a proper showing is comprehensive. (*Averill* v. *Lincoln*, 24 Cal.2d 761 [151 P.2d 119].)

We do not wish to be understood as holding that where an appellant wishes to rely upon a statement in lieu of both the clerk's and the reporter's transcript, a notice which specifies only a reporter's transcript is sufficient to require the inclusion of the clerk's transcript in the statement as settled; nor do we condone the failure of appellants' counsel in this case to include both in his notice if he intended that the statement should include both. But in view of the fact that respondents participated in the settlement of a statement, and may by their conduct have waived the defect in appellants' notice, and in view of the allegation in the affidavit of appellants' counsel that the trial court has made its order settling narrative statements filed pursuant to *rule 7(b)*, and also because the statement as settled is not yet before this court and we are therefore unable to determine the scope of same and whether or not it includes such portions of the clerk's transcript as are necessary for a determination of the appeal on its merits, we are of the opinion that the present motion to dismiss should be denied, but without prejudice; and it is so ordered.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied November 1, 1944.