[Civ. No. 7114.    Third Dist.    Oct. 29, 1946.]

JOSEPH J. BURNS et al., Appellants, v. EUGENE R. BROWN et al., Respondents.

Abraham Glicksberg, Thomas Cotter and John L. Childs for Appellants.

W. T. Miller and Paul A. Brunk for Respondents.

ADAMS, P. J.—This appeal is now before this court on a record consisting of a clerk's transcript and what is entitled an Engrossed Statement on Appeal. The clerk's transcript consists of the complaint and an amendment thereto, a demurrer which was overruled, the answer of defendants, findings of fact and conclusions of law, judgment, notice of appeal, and "notice by appellants pursuant to rules 6 and 7."

From the engrossed narrative statement the following appears. The trial was had on February 3, 1943, and testimony was given by the parties and other witnesses. Thereafter, on April 23, 1943, the court filed a "Memorandum of Decision" which is set forth in the statement. Defendants proposed findings and conclusions which are also set forth. Plaintiffs proposed "other and different findings contrary to the findings as proposed by defendants and contrary to the memorandum of decision," but said proposed findings are not set forth. Thereafter, on or about August 15, 1943, appellants proposed additional findings which are set forth. At a hearing before the court subsequent to the trial it was orally stipulated by counsel for the parties that the property be surveyed under the direction of the court by a disinterested surveyor for the sole purpose of ascertaining the correct description of an overlap. It was also stipulated that, there being no disinterested surveyor in Del Norte County, Hal C. Acheson, a licensed surveyor from Humboldt County, be appointed to survey the overlap. In accordance with said stipulation the court made what is designated as "An Order, on Court's own motion, appointing Surveyor to determine exterior boundaries of premises claimed by the parties hereto." Said order is set forth. Thereafter, "pursuant to said oral stipulation and said order," Acheson and the trial judge proceeded to the claims and "under the direction of the court, solely from evidence produced at the trial," Acheson surveyed the overlap of the two claims on September 3, 1943. Acheson thereafter filed in the court a map showing the overlap, copy of same was furnished to counsel for both parties, and no objection to said map was made by either party. The court's findings and judgment are included in the engrossed statement. It then recites that judgment was entered January 5th, notice was served on plaintiffs' attorneys on January 10th, and on February 2d plaintiffs filed notice of intention to move for a new trial. Said motion was heard on February 28th, but no ruling made thereon for the reason that it was not filed in

time. The Order Settling Narrative Statement is dated September 19, 1944, and the engrossed statement, amended, was certified and approved November 6, 1944.

The substance of plaintiffs' complaint filed in the action was that they located a mining claim in Del Norte County on September 19, 1939, known as the ''High Plateau''; that while they were in possession of same, defendants, ''by force of arms and great violence,'' ousted plaintiffs from said claim and have ever since withheld possession from plaintiffs. Defendants in their answer denied that plaintiffs had located the said claim, alleged that the premises in controversy had been located by them and had been in their lawful possession long prior to November, 1939, and that plaintiffs had trespassed thereon.

The trial court found that both plaintiffs and defendants had made valid locations, but that there was an overlapping of the two claims, and that defendant Eugene R. Brown was the prior locator of the overlapping portion. The judgment quieted the plaintiffs' title to the location claimed by them except as to the overlap, and quieted defendants' title to their claim including the overlap. A blueprint of the survey of the overlap made by Acheson is attached to and made a part of the judgment.

Plaintiffs on February 25, 1944, filed notice of appeal from the portions of the judgment in favor of defendants, and on March 6, 1944, filed a notice ''Pursuant to rules 6 and 7,'' stating therein that they desired in ''lieu of a reporter's transcript to pursue and perfect their appeal upon an agreed or settled statement as provided for in said Rules 6 and 7.''

On August 7, 1944, defendants filed in this court a motion to dismiss plaintiffs' appeal on the ground that no notice to the clerk to prepare a transcript had been filed, and that no transcript was on file as required by rule 5 of the Rules on Appeal. In a written opposition to this motion to dismiss, appellants alleged that said motion was premature in that there was pending before the trial court the matter of settlement of a narrative statement on appeal ''pursuant to Rule 7b of the Rules on Appeal.'' Said written opposition was accompanied by an affidavit of counsel for appellants which averred that an order settling a narrative statement pursuant to rule 7(b) had been made by the trial court, and that ap-

pellants intended to cause said statement to be engrossed and to prosecute their appeal regularly.

In view of the foregoing allegations of appellants a dismissal of the appeal was denied without prejudice (*Burns* v. *Brown*, 66 Cal.App.2d 142 [151 P.2d 899]). On November 27, 1944, the engrossed statement was filed in this court. On December 4, 1944, appellants filed herein a petition to prove transcript under section 652 of the Code of Civil Procedure in which they averred that the statement settled by the trial court was not in accordance with the facts in that it did not include the judgment roll, the notice of appeal, the notice to the clerk of election to proceed by settled statement, the complaint, the answer, or any statement of the oral proceedings; and, particularly, that it excluded appellants' proposed statement of oral proceedings reflecting additional evidence taken out of court in connection with the survey of the overlap, which appellants contended was irregular and prejudicial to their rights; and that all of said omitted matters were "necessary and proper parts of the record on appeal, necessary and material to a determination of the appeal on the merits, and necessary and material to the presentation and substantiation of the points relied upon by appellants on appeal, and specified in their proposed statement of the case." This petition was denied by this court without opinion, whereupon appellants petitioned for a hearing in the Supreme Court, asserting in their petition therefor that "appellants' points on appeal cannot be adequately presented in the absence of a proper record in accordance with the facts."

The Supreme Court granted a hearing, and on February 8, 1946, rendered a decision which relieved appellants from default in failing to include in their notice of appeal a request for a clerk's transcript, and directed the trial court to include in the record on appeal the judgment roll, notice of appeal, and notice of election to proceed under rule 7 (*Burns* v. *Brown*, 27 Cal.2d 631 [166 P.2d 1]). It held, however, that section 652 of the Code of Civil Procedure was not applicable to the preparation of a record under the new rules; that appellants, in effect, were asking an appellate court to settle a statement of the case when they had been unsuccessful in obtaining settlement of their statement by the trial court, but that the object of the settled statement procedure would be frustrated by such a procedure; that rule 12 of the Rules on Appeal does not authorize a reviewing court to take the

place of the trial court and determine whether a proposed statement accurately and fairly reflects the proceedings in that court; and that having failed to make a timely motion for a new trial on the ground of asserted impropriety of the survey of the overlap, appellants cannot demand that their version of the proceedings surrounding the survey be incorporated in a settled statement as the authentic description of the proceedings when the trial judge denies its authenticity.

Subsequent to the decision of the Supreme Court there was filed in this court the clerk's transcript aforementioned, and the case is before us on that record and the engrossed statement as originally settled.

In their briefs before us on this appeal appellants contend that the parts of the judgment from which they appealed should be reversed for two reasons, the one that the evidence is insufficient to support the part respecting the overlap, and the other because of alleged irregularities in the proceedings of the court and the surveyor which operated to the prejudice of appellants.

Since the record before us does not contain the evidence in the case obviously we cannot review same to determine the sufficiency of that evidence to sustain the judgment. All intendments are in favor of such judgment, and it will be presumed that the omitted evidence supports the findings (*Hughes* v. *DeMund,* 7 Cal.2d 504, 505-506 [61 P.2d 455]; *Loewenberg* v. *Schneider,* 14 Cal.2d 305, 307 [93 P.2d 1014]; *Fares* v. *Morrison,* 54 Cal.App.2d 773, 775 [129 P.2d 735]; *Klein* v. *Maddox,* 59 Cal.App.2d 141, 144 [138 P.2d 28]; 4 C.J.S. 1675-1677).

Regarding the alleged irregularities in the proceedings pertaining to the survey, appellants persist in stating that the order appointing the surveyor was made on the court's own motion, though the agreed statement as settled and signed by appellants' counsel states that it was orally stipulated by counsel for the parties that it be surveyed under the direction of the court by a disinterested surveyor for the purpose of ascertaining the correct description of the overlap, and that Hal C. Acheson be appointed to make such survey; and that the order of the court was made "in accordanc with said stipulation." They also set forth in their brief a statement of their version of how said survey was conducted, saying that it was made in the presence of defendant Eugene R. Brown and one

of his attorneys, and a third person, and in the absence of plaintiffs and their attorneys, and that the trial judge conferred with those present and with the surveyor; that the surveyor did not attempt to locate the alleged corners on the south side of defendants' claim, and was instructed by the trial judge not to attempt to do so. Appellants admit that no reference to the record can be made in support of these statements, but assert that they were "omitted from the record through no fault of appellants," and that they are supported by two affidavits, which affidavits are set forth in an appendix to the brief though nowhere made a part of the record on appeal. Appellants then state that if respondents challenge the truth of such statements appellants "invoke Rule 12(c) of the Rules on Appeal and ask this court to submit to the superior court for settlement the differences of the parties with respect to such omissions to the end that the superior court shall make the record conform to the truth."

Substantially the same argument as this was made on appellants' prior motion to augment the record under rule 12. That argument was disposed of by the Supreme Court when it said that any such conflict could not be solved by an appellate court's authority under rule 12; that appellants' version of the proceedings surrounding the survey, and the affidavits supporting it would have constituted part of the record had appellants made a timely motion for a new trial; and that having failed to make such a motion within the period prescribed therefor, they cannot demand that their version be incorporated in a settled statement as the authentic description of the proceedings when the trial judge denies its authenticity.

As for appellants' assertion that the statements which they make in their brief were omitted from the record through no fault on their part, this is contradicted on the face of the record, for, as pointed out by the Supreme Court, they could have secured their incorporation by a timely motion for a new trial. And as for the record of the oral proceedings during the trial, appellants could have exercised the right given under the rules to bring up a reporter's transcript upon failure to obtain a settled statement, as was also pointed out by the Supreme Court, citing *Averill* v. *Lincoln,* 24 Cal.2d 761 [151 P.2d 119].

We agree with appellants' assertion in their petition to the Supreme Court that their "points on appeal cannot be ade-

quately presented in the absence of a proper record''; and since appellants have failed to present such a record the judgment must be and it is hereby affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied November 26, 1946, and appellants' petition for a hearing by the Supreme Court was denied December 23, 1946.