KEENE et ux. v. STEWART.

No. 33338. Sept. 20, 1949.

*210 P. 2d 157.*

W. L. Steger, of Durant, for plaintiffs in error.

Lee Welch, of Antlers, for defendant in error.

GIBSON, J. Defendant in error, Paul Stewart, as plaintiff, instituted this action against plaintiffs in error, L. K. Keene and Amie Keene, husband and wife, as defendants, to partition a tract of 480 acres of land owned by the parties as tenants in common, the plaintiff owning a one-half interest and the defendants each owning a one-fourth interest. Plaintiff was awarded judgment.

The commissioners appointed by the court to make the partition reported that partition of the property in kind could not be made without manifest injury to the parties in interest and appraised the property at $12,000. The report of the commissioners was confirmed and the property ordered sold at sheriff's sale.

As grounds of the appeal there are six assignments of error. The assignments require no separate consideration because it is expressly declared in defendants' brief that the virtue of each depends upon the correctness of the one proposition urged, which is:

"That the plaintiffs in error are entitled to be compensated for the improvements that they made on these premises and the sums they expended for taxes and discharging the mortgage debt on said premises, and that the court erred in not considering these improvements and disbursements and erred in failing to instruct the commissioners to report on the value of said improvements."

It is plaintiff's contention that at the time of rendition of the judgment for partition there was no pleading to justify the relief claimed and no evidence introduced to establish the facts upon which the claim is based.

It is alleged in plaintiff's petition that the entire interest in the land was conveyed to defendants by deed of the Federal Land Bank of Wichita, Wichita,

Kansas, and that defendants, by deed, conveyed to plaintiff a one-half undivided interest therein. There is sought therein no specific relief other than partition among the parties according to their respective interests.

For answer defendants deny that plaintiff is owner of any interest in the land. Defendants admit the execution and delivery to plaintiff of the deed purporting to convey to plaintiff a one-half undivided interest in the premises, but allege that same was ineffective for want of a consideration to support it. It is further alleged that said deed was executed in connection with a contemplated partnership and that as consideration for the deed plaintiff agreed to discharge a then existing lien indebtedness of $800 upon the land; that plaintiff failed and refused to discharge said indebtedness and that defendants paid the same; that for nine years plaintiff had cut, removed from the premises and converted to his own use in each year fifty tons of hay of the value of $10. per ton; and "that defendants have paid the civil burdens, such as taxes, upkeep and repairs on said lands, without the help of plaintiff; that plaintiff has no interest or right to any part of said land." The prayer is for cancellation of the deed, adjudication of title in defendants, quieting title thereto against claims of plaintiff, and general relief.

For reply plaintiff denied generally, except as to certain allegations which were admitted, and specifically denied there was lack of consideration for said deed. It is averred that defendant L. K. Keene and plaintiff agreed to enter into a partnership stock business and that under the terms thereof they were to put equal amounts into the purchase and holding of said real estate and the raising of stock and were to divide the profits equally; that it was agreed that plaintiff would pay one-half of the mortgage indebtedness and that defendants convey to plaintiff the one-half interest in the lands; that plaintiff did not make directly the payment of one-half of said lien indebtedness but did advance for the common purpose more than his proper proportion, and that the excess in the advancement exceeded the $400 owing by plaintiff on account of the lien indebtedness; that plaintiff and said defendant settled their partnership about nine years before the present action, and under the terms of the settlement it was agreed that defendants would continue to occupy the 160 acres upon which the principal improvements were located as their home and have the use of a tract of 160 acres of meadow land, and that plaintiff would take the hay and income from the other 160 acres; that by reason of the disproportion of the benefits defendants agreed to keep the taxes paid on the entire place and keep the improvements in repair; and that, since said agreement, the parties have continued to so enjoy the land with the distinct understanding that the property was owned by them with interests as stated and that ultimately same would be divided or partitioned in accordance therewith. The reply concluded with prayer for relief as originally prayed, and such other relief as may be proper under the facts and circumstances.

Upon trial plaintiff introduced in evidence the deed from the bank to defendants and the deed from defendants to plaintiff. And, after testifying to his identity as plaintiff, his claim of ownership to one-half interest in the land and the possession thereof in parts by plaintiff and defendants, rested.

Defendants demurred to plaintiff's evidence, and upon same being overruled elected to stand thereon. Thereupon judgment for partition was awarded plaintiff.

On return of report of commissioners defendants filed exceptions thereto upon the ground that the valuation fixed in the appraisement was excessive, and averring that the total value of the land less the improvements thereon made by defendants is not more than $2,500 and inclusive of such improvements does

not exceed $4,000. Upon hearing on the report and the exception defendant L. K. Keene, testifying concerning the value of the tract, stated that the improvements upon the property which were placed thereon at his expense were of the value of $800. The court refused to permit the witness to testify that plaintiff had failed to pay one-half of an $800 mortgage on the place according to agreement and refused to permit witness to testify concerning the amount of the taxes paid by plaintiff and defendants, respectively.

It is the contention of defendants that the fact of improvements on the land is "indicated" by the pleadings and that therefore "the court should have admitted testimony as to the value of the improvements, amount of taxes paid by the parties and if defendant in error ever discharged his obligation to pay the amount he assumed to pay in the deed under which he claims title."

In support thereof there is cited and quoted from 40 Am. Jur. sec. 38, to the effect that a tenant in common paying off a lien upon the premises acquires a lien which may be enforced in a suit for accounting or as an allowance on partition; also, Noble v. Tipton, 219 Ill. 182, 76 N. E. 151, to the effect that where one cotenant makes improvements the court should in partition proceedings allot to him the improved portion without regard to the value of the improvements; and Klein v. Maddox et al., 59 Cal. App. 2d 141, 138 P. 2d 28, to the effect that the cotenant who has constructed improvements is entitled to an allowance therefor where sale is ordered in a partition suit.

The quotations relied on deal with the extent of a cotenant's enforceable rights under a given state of facts and not with the need for and method of the presentation in order to obtain judicial recognition as a basis for relief. In other words, they deal with primary rights, not remedies.

In another section (71) of the article in Am. Jur., on Partition, quoted from, it is said:

"The general rules governing the pleadings in civil actions, which are considered in another article, are applicable to an action for partition."

And in the cited Illinois case it was said:

". . . Thomas Noble in his answer and cross-bill set up the making of the improvements while in possession of the farm as the ground for insisting upon his ownership and the validity of the deed. There was evidence that he made the improvements, and where one of several tenants in common has made improvements upon the property, the court should, if possible, allot to him the portion improved without taking into account the value of the improvements."

And the following from the California case:

"In their answer and cross complaint defendants prayed that an accounting be had to determine the market value of the improvements and to ascertain the amount of the rents, issues and profits derived from the property."

With reference to the necessity of a pleading to authorize particular relief in partition proceedings, the rule is stated in 47 C. J. 489 §544, as follows:

"Only such incidental relief can be awarded to plaintiff or to defendant as is justified by the pleadings. Hence, if plaintiff seeks relief other than a partition of the property, in order to entitle himself thereto he must in his bill, petition, or complaint make the allegations necessary to sustain it; . . ."

And in 47 C. J. 490 §546, there is further stated:

". . . But in accordance with elementary principles governing pleading in actions in equity, if a defendant in an action for partition in a court of equity or a court by statute exercising both legal and equitable jurisdic-

tion seeks affirmative relief, he should do so by cross bill, unless complete justice can be done on the original bill and answer; or he may set up a claim for such relief by answer in the nature of a cross bill, where by statutory provision matter appropriate for a cross bill may be inserted in the answer and affirmative relief prayed, or by cross complaint or cross petition in jurisdictions where the code system of pleading has been adopted."

There is nothing in the cases relied on by defendants at variance with the text quoted.

In the instant case the fact of improvements on the land at cost of defendants is not reflected in the pleadings and therefore there was afforded no basis for relief even if proven. Even if it could be said that the allegations of the payment of the taxes and the lien indebtedness coupled with the prayer for general relief were sufficient to authorize relief, proof thereof was neither made nor attempted, and the right to do so was expressly waived by electing to stand on the demurrer and rest defendants' case on plaintiff's evidence.

We hold that in order for a defendant in an action for the partition of real estate to be entitled to affirmative incidental relief, not authorized on basis of plaintiff's petition and answer thereto, it is necessary that the right to such relief be pleaded in a cross-petition therefor.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.