[Civ. No. 4511. Fourth Dist. Dec. 12, 1952.]

THE STATE OF CALIFORNIA, Respondent, v. THEODORE THOMPSON et al., Defendants; CAPE COTTAGE HOMES INC. (a Corporation), Appellant.

Vincent Whelan for Appellant.

Edmund G. Brown, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Plaintiff and respondent sought to condemn several parcels of real property for the use of San Diego State College. Defendant and appellant Cape Cottage Homes, Inc., was the owner of parcel 3, whose expert witnesses appraised it between $50,000 and $72,000, and respondent's witnesses between $35,000 and $37,500. After five days of trial the jury fixed the value at $37,500.

The sole point raised on this appeal is that since the court gave a certain instruction requested by respondent, i.e.

"In assessing the amount of compensation to which the defendants will be entitled in this case, you are not to take into consideration the amount of costs of these proceedings, as under the law the owners cannot be required to pay any portion of the costs. The plaintiff, the people of the State of California, is required to pay the costs. The matter of costs will be considered by the court after you shall have returned your verdict, and is not for your consideration in this case"; the court erred in refusing to thereafter give a modification of such instruction requested by appellant, i.e.,

". . . The word 'costs' as used in the foregoing instruction does not mean or include attorneys' fees."

The record indicates that counsel for the appellant did not have knowledge that the court was going to give the instruction offered by the respondent until after it was given. After the jury retired, he moved the court that it further instruct the jury as requested. This request was denied. Appellant takes exception to the ruling of the court in refusing to give the instruction requested, and assigns it as prejudicial error. It concedes that the jury was properly instructed as to the item of costs, but argues that it had the right to have the word "costs," as used in the instruction, interpreted so the jury would not believe that attorney's fees and expert witness fees were included in that instruction; that since in *Pacific Gas & Electric Co.* v. *Chubb,* 24 Cal.App. 265 [141 P. 36], serious consideration was given to the question as to whether the term "costs" included attorneys' fees, a lay jury might well have been misled and believed that it did, and accordingly, the instruction given would form a bias against the defendant landowner if the members of the jury believed that the costs of the testimony of all of the expert witnesses and the fees for the attorneys for the landowners were being paid by the State of California, citing

such cases as *Formosa* v. *Yellow Cab Co.*, 31 Cal.App.2d 77, 84 [87 P.2d 716]; *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 P. 36]; and *Jaynes* v. *Jaynes,* 98 Cal.App.2d 447 [220 P.2d 598].

Both sides concede that they have found no case precisely in point. It is likewise conceded by both parties that unless provision is made therefor by statute, the claimant is not entitled to reimbursement either for loss of time consumed in prosecuting his claim or for counsel fees, citing 4 Nichols on Eminent Domain (3d ed., 1951), section 14.249(1), page 425; and *City of Los Angeles* v. *Moyer,* 108 Cal.App. 4 [290 P. 1073].

A fair interpretation of the effect of respondent's instruction, as given, without modification, was not calculated to direct the jurors' minds to a consideration or estimation of costs. On the contrary, the accomplished objective was a proper admonition to dismiss the entire matter of costs from the minds of the jurors. By other instructions it was told that its sole duty was to determine the market value of the land. Costs are not an element of market value, and the jurors were so instructed. The court by the instruction did not inform the jury that *all costs* were borne by the respondent. It expressly told it that costs *of the proceedings* were so borne. The proposed amendment only included within its terms the attorneys' fees of appellant. Had the proposed amendment been given in the form suggested, it may have led the jurors to believe that the landowner should be made whole in respect to such attorneys' fees and that they were in good conscience expected to enhance the rule to conform to the idea. If the court deemed it advisable to give such an instruction pertaining to costs it might well have defined the costs allowable under the law. However, we are convinced that the refusal to give the instruction as proffered, did not result in prejudicial error to the appellant. It does not appear that a miscarriage of justice resulted. (Const., art. VI, § 4½.)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.